L. A. No. 433.    Department One.—January 17, 1898.]

R. L. HORTON, Appellant, v. CITY OF LOS ANGELES et al.,
Respondents.

Municipal Corporations—Proceedings to Sell Telephone Franchise—Abatement—Repeal of Act—Substitution of New Act.—Proceedings had for the sale of a telephone franchise by a city council under the act of March 23, 1893, could not be carried to a conclusion after the repeal of that act, and the taking effect of the act of May 12, 1897, which supersedes it; but any proceedings had under the former act became *functus officio* after May 11, 1897, and could not be perfected or completed under the act of 1897.

Id.—Injunction to Restrain Sale—Dissolution—Appeal after Taking Effect of New Act—Presumption—Dismissal.—Where an injunction to restrain a sale of a telephone franchise under the act of 1893, was dissolved May 10, 1897, the dissolution left the city council free to act, and, when no appeal was taken until nearly two months after that act had ceased to be a law, it must be presumed that if the council proceeded after May 11, 1897, it proceeded under the new act, and as, in any event, the restoration of the injunction would avail nothing, the appeal from the order dissolving the injunction should be dismissed without prejudice.

APPEAL from an order of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

R. L. Horton, for Appellant.

William E. Dunn, City Attorney, and Graves, O'Melveny & Shankland, for Respondents.

CHIPMAN, C.—Plaintiff brought this action to restrain defendants from taking any further steps under a notice of sale of a certain telephone franchise. The city council of Los Angeles had invited proposals for the sale of a telephone franchise under the act of March 23, 1893. (Stats. 1893, p. 288.) Under the notice, the tenders or proposals were to be opened on May 10, 1897. On that day plaintiff filed his complaint and obtained a temporary injunction as prayed for. An act of the legislature was passed March 13, 1897 (Stats. 1897, p. 135), repealing all acts inconsistent with it, and this act went into effect May 12, 1897. This act in effect superseded the act of March 23, 1893, and this latter act ceased

to exist after May 11, 1897. Any proceedings taken under the act of 1893 to sell any franchise, contemplated by the act, could not be carried to a conclusion after May 11th, but would become *functus officio* after that day. Proceedings begun under the act of 1893 could not be perfected or completed under the act of 1897. This being the situation, defendants applied at once on May 10th, after the restraining order issued, to have it dissolved, and the court shortened the time for hearing the motion to 9:30 o'clock A. M. May 11th, and at the hearing granted the motion to dissolve the injunction. The result of this order was to leave the city council free to act. What it did in the matter is not disclosed, except by respondents' brief, of which we, of course, cannot take notice. Whatever may be the fact, it is obvious that by deciding the questions now before us no purpose can be subserved; but to do so might lead to the result of suggesting, if not promoting, further litigation in the matter. The notice of appeal was served July 8, 1897, nearly two months after the act of 1897 went into operation, and the act of 1893 had ceased to be law. No order that this court can now make in the premises could possibly avail appellant. If the council granted the franchise on May 11th, it could not help appellant now to restore the temporary injunction. If the council did not act upon the proposals until after May 11th, it would have to proceed and we must presume did proceed under the later act, and this injunction would avail nothing. (See *Foster v. Smith*, 115 Cal. 611.)

It is therefore recommended that the appeal be dismissed without prejudice to any of the parties.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the appeal is dismissed without prejudice to any of the parties.

Morrison, J., Van Fleet, J., Garoutte, J.,

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.