[Sac. No. 2574. Department Two.—September 5, 1918.]

MARYSVILLE WOOLEN MILLS (a Corporation), Respondent, v. CHESTER A. SMITH, Marshal, etc., et al., Defendants; WALDO S. JOHNSON, Appellant.

QUIETING TITLE — INVALIDITY OF TAX SALE — FINDING — OWNERSHIP OF PROPERTY.—In an action to remove a cloud upon the title to real property through the issuance of a certificate of sale at a delinquent tax sale, a finding that the plaintiff was the owner of the property is necessarily a determination that the sale was void.

TAXATION—PROCEEDINGS UNDER REPEALED LAW—DISTURBANCE OF TITLES—ATTITUDE OF COURTS.—Where a city for nearly half a century has been proceeding on the theory that a repealed tax law bound it in all

tax proceedings, and under it has been making its assessments, levying its taxes, selling at delinquent sales, and making deeds to purchasers, a court will be particularly loath to disturb such condition and unsettle titles, and will do so only when a clear necessity for deciding the point shall arise.

ID.—SALE BEFORE DELINQUENCY—VOID SALE.—Under section 3746 of the Political Code as it stood in 1876, providing that taxes shall become delinquent on the first Monday in January next thereafter, a sale for taxes made December 4th was void.

ID.—CHANGE OF LAW BY ORDINANCE—BURDEN OF PROOF.—In an action to remove a cloud upon title to real property through the issuance of a certificate of sale at a delinquent sale made by a city assessor, the burden is upon the defendant to sustain his claim that the general law had been modified or changed by municipal ordinances.

ID.—EVIDENCE—ORDINANCES—JUDICIAL NOTICE.—The supreme court cannot take judicial notice of city ordinances in a proceeding originating in the superior court.

ID.—VOID SALE—REIMBURSEMENT OF PURCHASER.—In an action to remove a cloud upon title through the issuance of a certificate of sale at a delinquent tax sale, the defendant, where the sale is found to be void, is only entitled to be reimbursed for what he has actually paid out and interest.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order denying a new trial. Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

Evan J. Hughes, W. E. Davies, and Downey, Pullen & Downey, for Appellant.

W. H. Carlin, for Respondent.

LORIGAN, J.—Two other cases on appeal—*California Midland Ry. Co.* v. *Smith,* and *Martin* v. *Smith, post,* p. 812, [175 Pac. 16]—involve the same controlling points as are embraced in this appeal, and by stipulation of all parties are submitted to abide the decision on the appeal under present consideration.

This action was brought to remove a cloud upon the title of the plaintiff to certain property in Yuba County through the issuance of a certificate of sale to defendant Johnson at a delinquent tax sale and to enjoin the issuance of a tax deed on the certificate.

The court entered a decree declaring the tax sale and tax certificate issued thereon invalid, enjoined the issuance of a tax deed, but required that plaintiff pay to defendant Johnson the sum of $641.91, the amount due for taxes and paid by him for the property at the tax sale. The defendant Johnson appeals from this decree and from an order denying his motion for a new trial.

The only attack made on this appeal is on the findings. The court found that plaintiff was the owner of the real and personal property involved in the tax sale which, it may be here remarked, was necessarily a determination that the tax sale to appellant was void. It further found, among other proceedings eventuating in the sale of the property for delinquent taxes, that the tax collector of the city of Marysville published in a specified newspaper a notice stating that taxes fixed and levied against the property of the plaintiff would be delinquent on October 3, 1914; that thereafter said taxes not having been paid, said tax collector published, for the proper time required by law, a delinquent tax notice which provided for the sale of the property on the 3d of December, 1914; that at no time, however, did said tax collector make or file with the city clerk of the city of Marysville, or with any other person, or in any office, or at all, any copy of the publication aforesaid, or any affidavit attached thereto, or any proof of any such publication; that said sale was advertised and noticed for December 3, 1914, but on said last date was postponed till the fourth day of December, 1914; that said tax collector neither gave, nor caused to be given, any notice of the said postponement of sale; that on December 4th a sale was had and the property herein was sold to defendant Johnson and a certificate of sale issued to him; that on December 2, 1915, the plaintiff, through its attorneys, offered in writing to pay defendant Johnson the amount of money paid by him upon the sale of the property, together with interest thereon, and fifty per cent additional for the purpose of redeeming from said tax sale, and offered to pay any other sum that defendant Johnson might claim was necessary for a redemption, but that said Johnson refused to accept any sum except upon payment by plaintiff to him of the sum of eleven thousand dollars, being the value of certain personal property assessed against the plaintiff in addition to the assessment of the real estate and which purported to have been sold with

the real property to said defendant Johnson at the tax sale above mentioned.

Upon the refusal of the defendant Johnson to accept the redemption money tendered, plaintiff brought this action with the result above stated.

At the threshold of this appeal we are asked to determine whether the law governing taxation and tax proceedings as it existed in 1876 applies and governs with reference to this tax sale made in 1914, or whether the general law on the subject of taxation and a sale for delinquent taxes existing when the sale was made in 1914 is to prevail. This question is sought to be presented under the charter of the city of Marysville. It appears that the city of Marysville operates under a charter granted by a special act of the legislature in 1876, and which expressly provided that the city should be organized with the powers and under the provisions of title III of the Political Code of this state. Section 4390, part of title III, provides, among other things, that "the mode of making out the list and of certifying the value of property and of collecting all taxes is the same as prescribed in this code for assessing and collecting the state taxes." In harmony with this section the city of Marysville has been levying and collecting its taxes and making delinquent sales and certificates and deeds thereon to purchasers under the tax law as it stood in 1876 unaffected by any change, alteration, repeal, or amendment to which the law as it then stood has been subjected during the course of these many years. The tax law as it then stood has been treated as incorporated in and as an inflexible part of the charter, and under the provisions of the tax law as it existed in 1876 the taxes, sale, and tax certificate in question here were levied and made, and appellant Johnson defends his title acquired at the delinquent sale on the ground that it was made in full compliance with the tax law governing under the charter. On the part of respondent it is asserted that it was not the intention of the charter provision that the city should be bound inflexibly by the taxation law of 1876, but that it was subject to the changes of the code and the repeal, modification, or amendment of the tax law, and that the collection and levy of taxes and the proceedings under which the sale here in question was made and the sale itself should have been had under the provisions of the general taxation law as it existed in 1914.

As it is conceded that the city of Marysville for nearly half a century has been proceeding on the theory that the tax law of 1876 bound her in all tax proceedings, and under it has been making her assessments, levying her taxes, selling at delinquent tax sales, and making deeds to purchasers thereat, a court would be particularly loath to disturb this condition of affairs and unsettle titles based on tax sales heretofore made, and would only do so when a clear necessity for deciding the point should arise, and we do not here find the existence of any such necessity. It is conceded if the tax law as it existed in 1914 applied to the city of Marysville, notwithstanding the charter provision, that the tax sale here involved was void because there is no pretense that any of the proceedings for taxation or collection of taxes or sales for delinquencies thereon were made under it. As to the tax law and procedure existing in 1876, which for present purposes we will assume governed as to the sale here made, we are satisfied that the tax sale and the certificate thereunder here in question were void for failure to comply with the law.

It is provided by section 3746 of the Political Code as it stood in 1876 and as incorporated into the charter of Marysville that "taxes shall become delinquent on the first Monday in January next thereafter," which, of course, as applied to the tax sale in question here was the first Monday in January, 1915. The sale, however, as we have pointed out was made to the defendant Johnson on December 4, 1914, before the taxes were delinquent, and necessarily the sale was void. It is insisted by the appellant that while no change was made in the method or mode provided by the state law of taxation, that by various ordinances of the city of Marysville changes with reference to the dates of assessments, delinquencies, sales, and other matters provided for in the tax law as laid down in the Political Code in 1876 were made, among others, one with reference to the date, when the taxes should become delinquent, and that under said changes the sale in question made here on December 4, 1914, was authorized. Assuming that the city of Marysville had the authority to change the state law with reference to taxation to the extent contended for by appellant, the trouble in this case is that there is no evidence that this was in fact done. Appellant likewise insists that the burden was upon the respondent to make proof of such ordinances, and relies upon the presumption that official duty

has been regularly performed, and that the law has been obeyed (Code Civ. Proc., secs. 1533, 1963, subd. 6, and 1981), in aid of the validity of the tax certificate. The burden was not upon the plaintiff to make proof of such ordinances. It was the duty of the appellant to show that the general law which governed upon the subject had been modified or changed. Nor in this case can the presumption which the appellant attempts to invoke of duty regularly performed and the law obeyed have any force. The general law required that the tax sale be made on the first Monday in January, 1915. The certificate of the tax sale produced in evidence, together with the testimony of the officer who made the sale, which was the only evidence on the subject, show that the sale was actually made on the 4th of December, 1914, and at a time when under the law the taxes were not yet delinquent. Notwithstanding the absence of anything in the record with reference to the ordinances claimed to have been passed by appellant, we are asked to take judicial notice of the fact that such ordinances were passed. But we cannot take judicial notice of the ordinances of the city of Marysville in a proceeding originating in the superior court. If, in fact, there were ordinances of the city of Marysville existing which modified the provisions of the general law with reference to tax sales which were expressly incorporated into the charter of the city of Marysville, the burden of proof to show their existence was upon the appellant. (*Metteer* v. *Smith*, 156 Cal. 574, 575, [105 Pac. 735]; *Tilton* v. *Russek*, 171 Cal. 731, 735, [154 Pac. 860].)

Without consideration of the other attacks made upon the validity of the tax sale, we are satisfied that this plain disregard of section 3746 of the Political Code as to the date upon which tax delinquency occurs vitiated all the subsequent proceedings, and that the tax sale and certificate made and issued before there was any tax delinquency in law rendered them void.

Appellant contends that the tender made by respondent was insufficient, but as the tax sale and certificate were void, plaintiff was not required to make any tender to defendant at all. All defendant was entitled to was to be reimbursed for the moneys he had paid out in purchasing the property at the sale when an action was brought by the owner to set aside the tax certificate and deed. He complains, also, because the

court did not allow him in addition to the amount paid as the actual price, $641.91, interest on that amount, and also fifty per cent penalty added thereto. But the penalty could only be collected upon redemption from a valid sale. Here defendant was offered that amount in an effort to redeem, although the tax sale was void, but defendant refused to accept it. When plaintiff was compelled to sue to remove the cloud upon his title the defendant, as a matter of equity, was only entitled to be reimbursed for what he had actually paid out as the purchase price and whatever subsequent taxes he had paid and interest thereon. (*Holland* v. *Hotchkiss*, 162 Cal. 366, [L. R. A. 1915C, 492, 123 Pac. 258].) What he had actually paid out was $641.91. Ordinarily the purchaser would be entitled to interest on that amount, and the judgment here might be modified by ordering it allowed by the court below, but we do not think that under the circumstances disclosed here we will disturb the judgment even by a modification. The trial court doubtless took the view that as the defendant refused to take more than he was entitled to when plaintiff offered to redeem from the illegal sale and put him to the trouble, annoyance, and expense of bringing an action, no rule of equity would be violated by at least refusing him interest.

The judgment and order appealed from are affirmed.

Melvin, J., and Wilbur, J., concurred.

Hearing in Bank denied.