[Civ. No. 2743.   Fourth Dist.   Nov. 7, 1941.]

L. E. DIEDERICHSEN et al., Respondents, v. JOHN SUTCH et al., Appellants.

James B. Ogg, Clarence Ogg and R. L. Anderson for Appellants.

Courtney Lacey for Respondents.

GRIFFIN, J.—The facts, so far as material to this appeal, are as follows: John Sutch and Rosa Sutch, defendants and appellants, are the owners of a lot in tract 4948 in Alhambra. This lot, purchased January 26, 1934, faces on a public street known as Waverly Drive. The rear of the lot abuts upon a public alley. The property across the alley is classified as business property. At the time appellants purchased the lot it was improved with a dwelling house that cost $4,250. Respondents notified appellants that they were violating the restrictions in their deed when in July, 1937, they commenced the erection of another house on the rear of the lot facing on the alley. The lot is on a hillside. The foundation of the first house is upon a higher level than the roof of the second house. About the time the second house was ready for plastering respondents L. E. Diederichsen and his wife Margaret M. Diederichsen filed in the superior court a complaint seeking a mandatory injunction and asking for damages. The complaint alleged in substance that two deed restrictions had been violated, first, the erection of a house that cost and

was reasonably worth less than $5,000, and second, the erection of two houses upon the same lot. Plaintiffs therein petitioned the court for leave to file an amended complaint and in such amended complaint a number of additional parties plaintiff were listed and the allegations as to the violation of the $5,000 building restriction were eliminated. The amended complaint, in addition to the claimed breach because of the erection of two homes upon the same lot, also set forth provisions of a zoning ordinance of the city of Alhambra which they claim became effective after the date of the filing of the original complaint. Upon motion duly made the allegations in regard to the zoning ordinance were stricken. Appellants did not deny that the deed conveying their property to them contained a provision that the lot should be improved only with a single family residence. They denied other allegations and set forth as an affirmative defense that there had been many violations of the conditions and restrictions in the protected area and within 400 feet of the property of the plaintiffs. They set forth a number of such claimed violations and alleged that plaintiffs have acquiesced in such violations and therefore have waived any right that they may have had to enforce the restrictions against these appellants. The conditions of the respective deeds were imposed for the benefit of owners of lots within 400 feet from appellants' lot with the right of enforcement of these conditions by any owner within that area.

The court found that each of the lots in the tract, with certain exceptions, were restricted by deed to a private family residence and that any residence building thereon ''shall cost and be fairly worth for labor and material not less than $5,000.'' It also found that each of these conditions and restrictions ''shall in all respects terminate and end and be of no further effect, either legal or equitable, after January 1, 1940,'' which latter finding is in accordance with the provisions of each and all of the deeds involved. In addition, the court also found that the restrictions placed upon the property had been uniformly kept and complied with by other owners in the tract excepting appellants. It is recited in the findings that subsequent to the filing of the complaint the city of Alhambra adopted an ordinance effective September 10, 1937; that each and every lot in tract 4948 is subject to certain restrictions and conditions covered by the

ordinance, which recites among its provisions that "no building . . . shall be used . . . or . . . erected . . . in zone R–1, which is . . . intended to be occupied or used for any purpose other than the following: USE. . . . A single family residence. . . . "

It appears from the complaint and findings that the cause of action and judgment entered were based solely on a breach of a condition or restriction set forth in the deed, which restriction *terminated January 1, 1940*. Any claimed cause of action based upon the ordinance above described was stricken from the complaint on motion. Respondents have not presented any objections or perfected any appeal from that order.

Respondents offered the ordinance in evidence without laying any foundation for its admission. Appellants strenuously objected thereto. The court overruled the objection. This was clearly error. (*Marysville Woolen Mills* v. *Smith*, 178 Cal. 786 [175 Pac. 13]; 10 Cal. Jur. 705, sec. 31.) It should also be pointed out that a permit for the construction of the house on the alley was issued by the city of Alhambra prior to the adoption of the ordinance. Upon the findings above related no damages were awarded but the court on January 27, 1938, restrained appellants from violating any restrictions in the deed and ordered them to remove forthwith the dwelling house erected and completed upon the rear portion of their lot.

The propriety of affording equitable relief by injunction rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of each particular case. This discretion is not an arbitrary one, but must be exercised in accordance with the fixed principles and precedents of equity jurisprudence.

In *Downs* v. *Kroeger*, 200 Cal. 743 [254 Pac. 1101], the Supreme Court sustained the trial court in withholding equitable relief against violations of deed restrictions upon the ground that changes in conditions occurring since the restrictions were created made the enforcement of such restrictions unjust and inequitable. In *Bryant* v. *Whitney*, 178 Cal. 640 [174 Pac. 32], the court laid down this rule:

" 'Where there has been no uniform observance of the restrictions and substantially all the landowners have so con-

ducted themselves as to indicate an abandonment of the right, which is in the nature of an easement, to have the neighborhood kept to the standard established by the original plan, and where the enforcement will not tend materially to restore to the district the character imposed upon it by the scheme, and the infraction complained of does not *diminish* the value of the other estates, then it would be inequitable and oppressive to compel at great loss a compliance with the restrictions.' ''

In 4 Pomeroy's Equity Jurisprudence (4th ed.), p. 3973, sec. 1702, is found this statement:

''And where a party has violated the restrictions in his own deed, he cannot enjoin violations by others, even though the covenant violated by the plaintiff is entirely different from that disregarded by the defendant.''

██ Respondents introduced in evidence the permit for the erection of the Diederichsen house and it was for the sum of $4,000. One witness testified that the Diederichsen house was financed by him for $3,500. The tract manager testified that the owners of lots within 400 feet of appellants' property consistently violated the $5,000 house and reasonable value restrictions. Whether all of the plaintiffs in the instant action (18 in number) violated this particular restriction is not definite from the record.

The trial court foreclosed the appellants from producing certain evidence tending to establish this fact. Under the rules above stated some of the evidence offered was admissible. However, it now appears from the record that the restriction which would not allow the second building to be constructed on the property has been removed. So far as the record before us is concerned, there is now no restriction in the deed which would prevent appellant from building two residences on this same lot.

██ Questions involved in an appeal may become moot by reason of the acts of the legislature, of the parties, or by lapse of time. It has been held that an appeal from an order dissolving an injunction against the issuance of municipal improvement bonds presents only a moot question if the bonds are issued pending the appeal. (*Bernard* v. *Weaber,* 23 Cal. App. 532 [138 Pac. 941].)

In *Horton* v. *City* of *Los Angeles,* 119 Cal. 602 [51 Pac. 956], a dismissal of the appeal from a judgment enjoining de-

fendant from proceeding under a special statute was ordered after the repeal of such statute. See also *Tulare Irrigation District* v. *Lindsay-Strathmore Irrigation District*, 3 Cal. (2d) 489, 526 [45 Pac. (2d) 972], wherein it was held that an injunction decree by its very nature acts on the rights of the parties in the future, and, whatever may be the law applicable to appeals generally, on appeals involving injunction decrees the law in effect and applicable when the appellate court renders its opinion must be applied. ■ It would therefore seem to work an injustice, now, on appeal, to sustain a mandatory injunction compelling appellants to remove the second building when they now appear to be legally entitled to have the two buildings remain upon the property.

Under the authorities cited we must therefore hold that the question has become moot. ■ Any possible damages sustainable by plaintiffs would be limited from the time of the construction of the second building until January 1, 1940, the time of the expiration of the restriction.

Judgment reversed.

Barnard, P. J., and Marks, J., concurred.