[Civ. No. 15784.   Second Dist., Div. Two.   June 10, 1947.

LAURA STAMPER, Respondent, v. CITY OF LOS
ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, John J. Tully, Jr., and
O. M. Lloyd, Deputy City Attorneys, for Appellants.

George E. Cryer and R. Alston Jones for Respondent.

WILSON, J.—Respondent, the widow of Roscoe C. Stamper, who at the time of his death was a police officer of the city of Los Angeles, petitioned for and obtained a writ of mandate requiring the city and its pension commission to grant and allow a pension to which she alleged she was en-

titled by virtue of the provisions of the city charter. The appeal is from the judgment ordering the writ to issue.

The decedent was appointed a police officer in the Los Angeles Police Department on October 1, 1924, and remained a member of the department until his death on February 10, 1945. During the period of his service he was absent from duty without pay two days. On three voluntary signed requests he was granted leaves of absence from duty without pay and on account of sickness an aggregate of 147 days. The last day on which he worked was February 8, 1945, accounting for two days' absence on February 9 and 10. His total absences amounted to 151 days. Deductions were made from his compensation at his regular rate of pay for the days on which he was absent. He worked overtime a total of 564 hours, or 70½ days, for which he was compensated at his regular rate of pay.

Section 183 of the charter (Stats. 1927, pp. 2008, 2023)* provides that the widow of a member of the police department is entitled to a pension if such member shall die "while eligible to retirement from such department on account of years of service." Under the provisions of section 181 (Stats. 1927, pp. 2008, 2020) a member of the department may be retired at his own request "after twenty years' aggregate service."

The question is whether decedent had had twenty years' aggregate service in the police department. If so he was eligible to retirement on the date of his death and the widow is entitled to her pension. If his aggregate service was less than 20 years he would not have been, if living, eligible under the charter to retire on February 10, 1945, consequently petitioner, as the widow of an ineligible officer, would not be entitled to a pension.

Between October 1, 1924, the date of decedent's appointment, and February 10, 1945, the date of his death, the elapsed time was 20 years 132 days. Appellants contend that in computing the "aggregate service" of the decedent he is not entitled to credit for the 151 days' absence by reason of the fact that he was absent from duty and off the payroll, and therefore his aggregate service was 19 days less than the required 20 years. Save for his overtime which we shall

---

*Both appellants and respondent have referred in their briefs to several sections of the city charter without official reference. Our search of the statutes for the original charter and for the amendments would have been unnecessary if counsel had provided the citations.

discuss later we would be in agreement with appellants' argument.

■ Pension provisions should be broadly construed in favor of those who were intended to be benefited thereby (*Gibson* v. *City of San Diego*, 25 Cal.2d 930, 935 [156 P.2d 737] ; *Casserly* v. *City of Oakland*, 215 Cal. 600, 603 [12 P.2d 425]), but they cannot be construed so as to confer benefits on persons not entitled thereto.

■ Respondent contends that "twenty years' aggregate service" as used in the charter means that after 20 years have elapsed from the date of induction into the police department, disregarding absences from duty, a member of the department is entitled to retire on the pension provided in the charter. She argues that decedent was a police officer from the day he took the oath as such until his death (citing Pen. Code, §§ 817, 818, 825, 828, 836), and was subject to penalties for failure to perform the duties prescribed in section 143 of said code. We fail to see even the remotest connection between these provisions and the question before us. There is no denying that when a police officer is appointed and takes the oath as such he remains a policeman until he dies, resigns or otherwise terminates his official connection with the department. But he is not in "service" and his aggregate service is not accumulating unless he performs service. While absent from duty with or without leave he is not executing the functions of an officer and is not compensated for the period of his absence. If he were granted leave of absence for three months in each of 20 years after his appointment he would have had a total absence of 60 months or five years during the 20-year period. If respondent's definition of "aggregate service" were adopted a police officer, having had such leaves of absence, would be entitled to retire on a pension after having performed his duties for a total elapsed time of only 15 years. Neither the commision in framing the charter nor the electors in adopting it had any such intention and respondent's theory is rejected as having no foundation.

An analysis of the opinion in *Dierkes* v. *City of Los Angeles*, 25 Cal.2d 938 [156 P.2d 741], shows that the court held that a police officer is not entitled to credit a period of absence toward his retirement. It appears (p. 941) that the plaintiff had entered the police department on August 15, 1922, and had served, except for an absence of 14 days on leave, an aggregate period of 19 years less one day when he was called into the Navy. After serving more than a year

in the Navy he was released for the purpose of resuming his duties in the police department and claiming his retirement. The court said that, but for the period spent in the Navy, his 20-year period of service in the police department would have become complete on August 29, 1942—20 years plus 14 days (his period of absence) after his appointment. If the charter provision means elapsed time the court would not have added his absent days to the 20-year period.

An officer who has lost a portion of his time of service and has been absent from his duties may, if permitted by his superiors under the rules and regulations of the department, make up the time lost. From the stipulation of facts on which the cause was submitted and from the arguments in the briefs of both parties we are led to assume that decedent's service overtime was officially authorized by ordinance or otherwise. ■ Reference is made in both briefs to city ordinances that were not pleaded and were not offered in evidence purporting to relate to the number of hours constituting a day's work and to payment for overtime. We give no consideration to them since we do not take judicial notice of city ordinances. (*Pacific Finance Corp.* v. *City of Lynwood*, 114 Cal.App. 509, 515 [300 P. 50, 1 P.2d 520]; *Marysville Woolen Mills* v. *Smith*, 178 Cal. 786, 791 [175 P. 13].) In computing decedent's overtime at 70½ days we assume on the basis of the stipulation of facts and the argument that eight hours constitute a day's work. Decedent's absences, without considering his overtime, were sufficient to reduce his aggregate service at the time of his death to 19 days less than the required 20 years. Deducting said 19 days from his 70½ days' overtime left him with 51½ days more than 20 years' actual service, rendering him eligible to retirement prior to his death.

■ What we have said concerning overtime, however, cannot be extended further than to allow the credit thereof against absences charged to the officer. If a police officer should work overtime and have no absences charged against him, the charter, reasonably construed, does not permit him to add the overtime to his regular time and thus acquire 20 years' service and permit him to retire in less than 20 calendar years after the date of his appointment.

From the foregoing discussion these rules are deduced: (1) When 20 full years have elapsed after the appointment of a police officer he is entitled to retire on pension provided

he has not been absent from duty during that period. (2) If he has been absent he must, in order to be entitled to a pension, serve a sufficient time in addition to 20 elapsed years to equal the time he has been absent. (3) If he has served overtime during the 20-year period such time may be credited against such absences as have been charged to him. (4) Overtime service during the 20-year period cannot be utilized to permit retirement prior to the expiration of 20 years after the date of appointment or for any purpose other than to cancel absent time.

Since decedent was entitled to retire on a pension prior to his death respondent is entitled to a widow's pension in the amount provided by the terms of the charter.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.