[Civ. No. 5260.    Fourth Dist.    Nov. 9, 1956.]

JACK H. HIGBEE, Appellant, v. ARTHUR LA SALLE,
Respondent.

Maury, Larsen & Hunt for Appellant.

Head, Jacobs, Corfman & Jacobs for Respondent.

GRIFFIN, J.—Defendant and respondent Arthur La Shelle
(sued as La Salle) owns and operates the café-bar known as
Christian's Hut in the city of Newport Beach.  After patron-
izing the upstairs bar at about midnight on March 14, 1954,
plaintiff, his wife and a guest went downstairs to another bar
on the first floor to have another "nightcap."  They then
left by the front entrance where they came in.  Plaintiff opened
an opaque front door, about 3 feet wide, leading to five steps.
He stepped forward and fell to the bottom of these steps on
the cement sidewalk and suffered a severe fracture of his left
leg causing shock and other injuries.  The top step is about
2½ feet above the level of the sidewalk.  Each step is about
7 feet 6 inches in length and 13 inches wide with 6-inch
risers.  The top step (just outside the door which opens out-

ward in the center of the step) is approximately 5 to 5¼ inches wide and extends into the first floor level or main entrance for another 5 inches. Over the outside steps was a floodlight. There were no handrails on the steps.

Plaintiff and appellant filed this action seeking damages for the injuries sustained, claiming defendant negligently and unlawfully permitted said stairway or steps to remain in an unsafe, dangerous and defective condition. Defendant denied negligence and alleged contributory negligence of plaintiff. A jury verdict resulted in favor of defendant. The evidence showed that this building had been built and was continuously operated in the same manner as indicated long prior to May, 1949.

The main error claimed on this appeal is the refusal of the trial court to receive in evidence a proffered ordinance adopted in May, 1949, adopting a certain designated "Uniform Building Code, 1949 Edition," on file in the office of the city clerk, as the building code of the city of Newport Beach "as if here fully set forth" for the purpose of regulating the "erection, construction . . . use, . . . occupancy . . . of buildings or structures," and providing for the issuance of permits. Apparently, counsel for plaintiff copied extracts from certain sections of this uniform building code filed in the city clerk's office indicating that those sections required handrails on "stairways" under certain conditions, that certain width landings must be maintained on stairways, and other claimed provisions with which plaintiff contends defendant did not comply. Plaintiff did not place in evidence the document itself or any testimony of the city clerk in respect to it or its provisions. The typewritten copy of these extracts was not a part of the ordinance certified by the city clerk but it was attached to the back cover of the certified copy by counsel for plaintiff, and there is no indication that it is a correct or full copy of said uniform building code or that there was no other provision of said uniform building code that qualified the provisions set forth in the extract. In this form it was offered in evidence as plaintiff's Exhibit Number 10. Objections were made as being incompetent, irrelevant and immaterial and that no proper foundation had been laid. The objection was sustained and it was marked for identification only. The uniform building code was not produced, was not pleaded or offered in evidence, was not marked for identification, and is not a part of the record before us on appeal. Consequently we are unable to determine from the record whether or not it was

applicable to the facts in the instant case. Apparently, from the reporter's transcript, a witness of plaintiff's claimed. to have a copy of the uniform building code in his possession, and several questions were propounded to the witness by counsel for plaintiff respecting its requirements. Objection was made, whereupon counsel for defendant, out of the presence of the jury, apparently read from certain sections thereof, including the final paragraph:

''Buildings in existence at the time of the passage of this code may have their existing use or occupancy continued if such use or occupancy was legal at the time of the passage of this code, provided such continued use is not dangerous to life.''

He argued that the provisions of the uniform building code were not applicable. At the conclusion of this argument, counsel for plaintiff stated: ''I am disposed to withdraw the question'' and ''Suggest we proceed with the trial.'' At the close of the case the offer of the document marked Exhibit 10 for identification was made as indicated. An objection was sustained. Whether it was sustained on the ground that. the proper foundation for its admission had not been laid or because its provisions were inapplicable cannot be determined from the record. Respective counsel referred to some of the provisions of the uniform building code in their respective briefs.

█ Judicial notice is not taken of county or municipal ordinances or of the time when they take effect, and an appellate court will not take cognizance of municipal ordinances in a proceeding originating in the superior court unless they were introduced in evidence in the trial court and are made a part of the record on appeal, and even though they may be referred to in the briefs. (*City of Oakland* v. *Brock,* 8 Cal.2d 639, 641 [67 P.2d 344]; *Stamper* v. *City of Los Angeles,* 80 Cal.App.2d 242 [181 P.2d 687]; 2 Cal.Jur.2d, page 451, § 28.) Section 1918 of the Code of Civil Procedure provides the proper manner of proving such documents and those requirements have not here been met. █ It is error to allow an ordinance in evidence without proper foundation. (*Diederichsen* v. *Sutch,* 47 Cal.App.2d 646, 649 [118 P.2d 863]; *Marysville Woolen Mills* v. *Smith,* 178 Cal. 786 [175 P. 13].) In *Merced County* v. *Fleming,* 111 Cal. 46 [43 P. 392], relied upon by plaintiff, an original ordinance book was produced and duly identified.

We must conclude that a sufficient foundation was not laid to

admit Exhibit 10, as marked for identification, into evidence, and it would have no meaning without introducing the applicable portions of the properly identified uniform building code to which it referred.

This sufficiently disposes of the remaining questions raised on this appeal, i. e., as to whether the uniform building code was applicable to the facts of the instant case or might well have operated to prove a standard of care under the authority of *Finnegan* v. *Royal Realty Co.*, 35 Cal.2d 409 [218 P.2d 17] ; and *Clinkscales* v. *Carver*, 22 Cal.2d 72 [136 P.2d 777], relied upon by plaintiff. It also disposes of the question of claimed error of the trial court in refusing certain proffered instructions based on the provisions of that building code, as well as the claimed error in the refusal of the trial court to give plaintiff's proffered instruction on the diminished value of the dollar.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 4, 1957.