[Civ. No. 29814. Second Dist., Div. One. July 12, 1966.]

WILLIAM C. BROOKS et al., Plaintiffs and Appellants, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

[Civ. No. 29815. Second Dist., Div. One. July 12, 1966.]

HENRY G. SCHAUF et al., Plaintiffs and Appellants, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

(Consolidated Cases.)

---

Kenneth Sperry for Plaintiffs and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Weldon L. Weber and John J. Tully, Jr., Assistant City Attorneys, for Defendants and Respondents.

WOOD, P. J.—Plaintiffs, in these two consolidated declaratory-relief actions, were retired, at their requests, for disability from further service as members of the Fire or Police Departments of the City of Los Angeles. The plaintiffs in the

*Brooks* action were retired for "service-connected" disability under section 182 of the Los Angeles City Charter; and the plaintiffs in the *Schauf* action were retired for "non-service-connected" disability under section 182¼ of the charter. Since their retirement, the plaintiffs have received "disability" pensions, and they have not been restored to active duty.

Plaintiffs seek a declaration that under section 181 of the charter they are now entitled (after expiration of 20 years or more from their employment dates) to "service" pensions (rather than the "disability" pensions which they have been and are now receiving under sections 182 and 182¼). Section 181 (hereinafter quoted) provides for pensions for members of the fire or police departments who have served for 20 years or more.

Each plaintiff claims that, under a certain provision of section 181 regarding computation of period of service, the period of time during which he has been on disability retirement (when he was not actually in service—and without having been restored to active duty) is to be included in determining whether he has served 20 years or more within the meaning of section 181. The particular part of said section, referred to by plaintiffs, is the last paragraph which states, in part: "In computing the aggregate period of service of a member . . . for the purposes of this section, there shall be included the period or periods of time, if any, while such member was on disability retirement. . . ." Stated in another way, plaintiffs' claim is that since 20 years or more have elapsed from the times they were appointed as employees, they are entitled to *service* pensions even though they have been retired on disability pensions for many years and are still disabled and have not been restored to active duty. An example, illustrating their contention, is that if an employee should work for one year following the date he was appointed, and then he should be retired, at his request, for disability and he should remain on disability pension for 19 years, he would then (after a lapse of 20 years) be entitled to a *service* pension the same as if he had actually been rendering service during the 19 years he was on disability pension.

Respondents claim that the provisions of said section apply only to members of the fire or police department who have been in active service for 20 years (or more) or who have been restored to active service following a period of disability.

The actions were consolidated and were submitted on the

pleadings and stipulations of the parties. In each action the court entered a judgment declaring, in substance, that plaintiffs are not entitled to service pensions under section 181, and are entitled to receive for life the disability pensions which they have been receiving.[1] Plaintiffs appeal from the judgments in their respective actions.

Appellants contend that the court erred in determining that plaintiffs are not entitled to service pensions under section 181 of the city charter; and that the judgments do not properly define the future pension rights of the plaintiffs.

Each plaintiff in the *Brooks* action served as a member of one of the departments (police or fire) until, upon his written application therefor, he was retired from further service in such department pursuant to the provisions of section 182 of the Charter of the City of Los Angeles by reason of his having incurred a "service-connected" disability. The number of years which the respective plaintiffs had served prior to their retirement varied from approximately 6 years served by one plaintiff to approximately 28 years served by another plaintiff. Since their respective retirements, the plaintiffs have been receiving disability pensions and none of them has been restored to active duty in the department of which he had been a member at the time of his retirement. Prior to the commencement of the *Brooks* action, each plaintiff in that action had made a written demand upon the defendant city and defendant board of pension commissioners for payment of a "service" pension as provided in section 181 of the charter. The demands were refused, and plaintiffs commenced the herein actions for declaratory relief.

The facts in the *Schauf* action are similar to those in the *Brooks* action, with the exception that the plaintiffs in the *Schauf* action have been retired pursuant to section 182¼ of the charter by reason of their having incurred a "non-service-connected" disability.

In both actions it was stipulated in substance that it has been the customary practice of the board to require all members who have been retired from active service pursuant to section 182, and section 182¼, of the charter to report at stated times for a medical examination, and to appear at a hearing before the board, to determine whether there has been

---

[1]Among other things, the court stated that, by reason of its decision, it was unnecessary to make findings with reference to several alleged affirmative defenses (laches, statute of limitations, waiver, and estoppel).

a change in the physical condition of a member which would permit his return to active duty.

■ Appellants first contend that the court erred in determining that plaintiffs are not entitled to service pensions under section 181 of the charter.

Section 181 is included in article XVII of the charter. Article XVII, which establishes a pension system for members of the police and fire departments (*City of Los Angeles* v. *Industrial Acc. Com.*, 63 Cal.2d 242, 244 [46 Cal.Rptr. 97, 404 P.2d 801]), includes sections 180 to 188, inclusive. (Section 189 was repealed in 1951.)

Section 181 provides in part as follows: "Any member of the Fire or Police Department who shall have served in such department for twenty years or more in the aggregate . . . , on his request, or by order of the board . . . shall be retired from further service in such department, and such member shall thereafter, during his lifetime, be paid . . . a pension as follows: for twenty years' aggregate service, forty per cent (40%) of the average monthly rate of salary . . . ; for twenty-five years' aggregate service, fifty per cent (50%) of the average monthly rate of salary . . . ; for thirty-five years' or more aggregate service two-thirds (⅔) of the average monthly rate of salary. . . .

"In computing the aggregate period of service of a member of the Fire or Police Department for the purposes of this section, there shall be included the period or periods of time, if any, while such member was on disability retirement pursuant to the provisions of sections 182 or 182¼ of this charter."

Section 182 provides in part as follows: "Whenever any member of the Fire or Police Department shall become . . . disabled by reason of bodily injury received in, or by reason of sickness caused by the discharge of the duties of such person in such department as to render necessary his retirement from active service, the board shall order . . . that such member be retired from further service in such department; and thereafter such member so retired shall, during his lifetime, be paid . . . a pension. . . . Provided, however, that any pension granted . . . shall cease when the disability . . . ceases and such member shall . . . have been restored to active duty in such department of which such person was a member at the time of retirement. . . ."

The provisions of section 182¼ are similar to the provisions of section 182 with the exception that the disability need not

have been caused by the discharge of the member's duties in the department.

Appellants argue, with reference to each plaintiff, that the period of time during which he has been on disability retirement is to be included in determining whether he has served 20 years or more in the aggregate within the meaning of section 181. They assert that such inclusion is compelled by that portion of section 181 which provides: "In computing the aggregate period of service of a member . . . , there shall be included the period or periods of time, if any, while such member was on *disability retirement pursuant to the provisions of Sections 182 and 182¼* . . . ."

Respondents assert (and the trial court concluded) that said portion of section 181, when construed with other provisions of section 181 and with provisions of sections 182 and 182¼, applies only to members who have been restored to active duty after a period or periods of disability had ceased.

As above shown, sections 182 and 182¼ provide that a disabled member shall be *retired from further service,* and shall thereafter receive a pension, *during his lifetime,* provided that the pension shall cease if the disability ceases and if the member *shall have been restored to active duty.* Section 184 provides: "That all pensions granted in accordance with the provisions of Sections . . . 182 . . . 182¼ . . . hereof shall remain in full force and effect for the period granted. . . ." If plaintiffs, who already have been retired from further service under sections 182 and 182¼ (on account of disability), and have not been restored to active duty, were now permitted to be retired also under section 181 (for 20 years or more of service), it would appear that they would be entitled to continue receiving their present disability pensions. It is not reasonable to conclude that sections 181, 182 and 182¼ were intended to create such a result.

In the first paragraph of section 181 it is stated that "Any *member* of the . . . Department who shall have *served* . . . for twenty years or more in the aggregate . . . , on his request, or by order of the board . . . shall be retired from further service . . . and . . . be paid . . . a pension" for specified years of service at specified percentages of his salary. In the second (last) paragraph of that section (181) it is stated that in computing the aggregate period of service ". . . there shall be included the *period or periods of time, if any, while such member was* on disability retirement. . . ." (Italics added.) It thus appears that the person who may be retired

on pension for *years of service* is a *member* of the department who has *served* a designated number of years. A question arises as to whether a person who has been retired for disability, and is subject to being restored to active duty but has not been so restored, is a "member" of the police or fire department who may be retired under section 181 for years of service. Even if it be assumed that a person who has been retired for disability is an inactive member subject to being restored upon recovering from disability, it would seem that it was contemplated that the person referred to in the section as a "member" (who may be retired for years of service) should be an active member. This is indicated by the provision therein that in computing the period of service of "a member" there shall be included the *"period or periods of time"* such member *"was"* on disability retirement. The use of the word "periods" therein indicates that it was contemplated that there might be successive intervals of retirement for disability followed by restoration to active duty. The word "was," used therein with reference to "time . . . on disability," designates a period or periods of time of disability which had ceased or terminated. The word "was," used therein, is especially significant in that it designates the time of disability (which might be included in years of service) as a past or concluded period (not an existing or present one)—that is, the word "was" signifies that the period of disability, referred to, is a period that had ended and that the person, referred to, had been restored to active duty. When these provisions of section 181 are considered with provisions of sections 182 and 182¼, to the effect that a pension for disability ceases when the member is restored to active duty, it appears that it was contemplated that time on disability might be included (in computing years of service) if the disability had ended and the person had been restored to active duty.

Section 183½ of the charter, which provides for pensions for the widows of members, excludes members who have been retired on a service pension or who are eligible to retire on a service pension, but includes members who have been retired on a disability pension. Since that section excludes persons who are eligible to retire on a service pension, and includes persons who are on a disability pension, an implication therefrom is that persons on disability pensions are not eligible for service pensions.

Appellants assert that the last sentence of section 185, which provides that the provisions of the charter shall apply to

members of the departments and to members who have been granted pensions, supports appellants' contention that plaintiffs are entitled to service pensions under section 181 without their having been restored to active duty. That the provisions of the charter (including section 181) apply to members who have been on disability is not disputed. The question presented pertains to the manner in which the provisions of section 181 apply to such members. As above shown, if said portion of section 181 means, as asserted by appellants, that appellants who have been on retirement for many years are now entitled to be retired also on service pensions, without having been restored to active duty—and thereby terminating the disability pension, they would be receiving two pensions. It is not reasonable to conclude that such a result was intended by the enactment of said provision of section 181 to the effect that the time on disability may be included in computing years of service. The reasonable interpretation of said provision is, as above indicated, that the time on disability may be included (in computing years of service) if the disability has terminated and the person has been restored to active duty.

Appellants also assert that their interpretation of section 181 (i.e., that they are entitled to service pensions without having been restored to active duty) is supported by the decisions in *Dierkes* v. *City of Los Angeles,* 25 Cal.2d 938 [156 P.2d 741], and *Gibson* v. *City of San Diego,* 25 Cal.2d 930 [156 P.2d 737]. In the *Dierkes* case, the court interpreted section 181 of the charter in conjunction with sections 17 and 189 of the charter to mean that the period while a member was in military service was to be included in determining the aggregate period of service for a service pension under section 181. Section 17 provides in substance that a member who has been called for duty in the armed services shall be considered "as being on leave of absence from the service of the city." Section 189 (which was repealed in 1951, six years after the *Dierkes* case was decided) provided in substance that the amount of time which a member served in the armed forces shall be counted as part of the aggregate service required for a retirement pension. Section 181 (at that time) did not contain the provision with reference to including in the aggregate period of service the period or periods while a member was on disability retirement pursuant to sections 182 and 182¼. (The factual situation and applicable charter provisions in *Gibson* were similar to those in *Dierkes.*)

Thus, the factual situation and applicable charter provisions

in *Dierkes* differ from the factual situation and applicable charter provisions herein. In *Dierkes*, the facts pertained to the involuntary absence of a member for military service. Here, the facts pertain to members who have been retired at their request from further service in the departments, and who are presently on disability retirement. In *Dierkes*, sections 17 and 189 of the charter were construed in conjunction with section 181. Here, the principal question is the interpretation of a provision of section 181 which was added to that section after *Dierkes* was decided, and which specifically refers to the period or periods while a member was on disability retirement pursuant to sections 182 and 182¼. The provisions of sections 182 and 182¼ are different in many respects from the provisions of sections 17 and 189, which were construed in the *Dierkes* case.

Appellant further asserts that pension provisions of the type here involved should be liberally construed in favor of the applicant. (Citing *Dierkes* v. *City of Los Angeles, supra,* p. 942, and *Gibson* v. *City of San Diego, supra,* p. 935.) In *Stamper* v. *City of Los Angeles,* 80 Cal.App.2d 242, 244 [181 P.2d 687], it was said: "Pension provisions should be broadly construed in favor of those who were intended to be benefited thereby [citing the *Gibson* case, *supra,* and another case], but they cannot be construed so as to confer benefits on persons not entitled thereto." ■ To construe the section as applying to the plaintiffs herein, who have not been restored to active duty, would result, as above indicated, in plaintiffs being entitled to receive, for life, disability pensions *and* also service pensions. It is not reasonable to conclude that the charter provisions were intended to confer such benefits on plaintiffs.

■ Appellants also contend that the judgments do not properly define the future pension rights of the plaintiffs. The judgments, in addition to providing that plaintiffs are not entitled to service pensions under section 181, provide in substance that each plaintiff is entitled to receive for life the disability pension which he has been receiving at the rate which has been determined, or which in the future may be determined, by the board; provided, however, that such pension shall cease if the disability of any such plaintiff shall cease and he shall have been restored to active service as provided in sections 182 and 182¼. Appellants assert that the judgments do not provide for the hypothetical situation which would arise if any plaintiff were restored to active duty. The

import of each judgment is that the provisions of section 181 would apply to a member who is restored to active duty after a period or periods of disability retirement, and who is thereafter retired from further service. The judgments are proper.

In view of the conclusions herein stated, it is unnecessary to consider respondents' contentions that plaintiffs' causes of action are barred, as a matter of law, by laches, estoppel, and the statute of limitations.

The judgments are affirmed.

Fourt, J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 7, 1966.