[S. F. No. 5428.   In Bank.—May 29, 1912.]

## RICHARD BRETT, Respondent, v. S. H. FRANK & COMPANY (a Corporation), Appellant.

NEGLIGENCE—STEPPING INTO SHAFT HOLE IN FLOOR OF BUILDING—CONTRIBUTORY NEGLIGENCE—LAW OF CASE.—The decision on the former appeal in this case, reported in 153 Cal. 267, holding that the plaintiff, an employee in a tannery, whose duties required him to wheel a truck past a shaft hole in the floor of the building, of the situation and conditions surrounding which he was fully aware, was guilty of contributory negligence as matter of law, if, while performing such duties, and in a moment of temporary forgetfulness, he stepped into such hole and was injured, became the law of the case on a subsequent trial, in which the issues presented by the pleadings and the evidence introduced were substantially the same as on the first trial.

ID.—CONTRIBUTORY NEGLIGENCE PRECLUDES RECOVERY.—Irrespective of the doctrine of the law of the case, the employee injured under such circumstances was guilty of contributory negligence precluding a recovery.

1D.—LAW OF THE CASE DEFINED.—The doctrine of the law of the case does not presuppose error in the former opinion; it means simply this, that the appellate court having once decided the law, and the cause having gone back to the lower court for further proceedings in accordance with the law as thus established, and the parties and the lower court having acted in reliance upon that law, the appellate court will not, upon a second appeal, again enter into a consideration of the question, but, if the facts and circumstances are substantially the same, will treat it as settled law, regardless of its accuracy.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Chickering & Gregory, for Appellant.

Stafford & Stafford, H. I. Stafford, and W. P. Caubu, for Respondent.

SHAW, J.—Defendant appeals from the judgment and also from an order denying its motion for a new trial.

Plaintiff's action is for damages alleged to have been caused by defendant's negligence. The main defense is that the injury to the plaintiff was due to his own negligence. The cause was before this court upon a former appeal from an order granting a new trial. (See *Brett* v. *Frank & Co.,* 153 Cal. 267, [94 Pac. 1051].) The order was there affirmed. The present appeals are from the judgment and order resulting from the second trial. It is claimed by defendant's counsel that the judgment and order here in question are in direct conflict with the law applicable to the evidence as settled upon the previous appeal. They also contend that the opinion upon the former appeal accurately states the law which should control the decision, irrespective of the doctrine of the law of the case. The plaintiff claims that after the decision of the former appeal the complaint was amended by charging additional acts of negligence, not involved in that appeal, and, hence, that neither the doctrine of the law of the case, nor the rule of law laid down in the former opinion, applies to the case as it now stands.

The manner of the injury was as follows: The plaintiff

was employed by defendant as a workman in a tannery carried on by it in a building two or more stories high. An elevator was used in carrying the hides from the rolling room, on the first floor, to the drying room on the second floor. The drying room was back of the elevator, so that in order to go thereto from the elevator opening it was necessary to go out of the elevator, turn around and pass by the left side thereof and on through a door in a partition wall running across the building behind the elevator shaft. This passageway to the left of the elevator was about nine feet wide. Across it there was a rise of some five inches in the floor, made to permit the operation of a pulley on a shaft beneath the floor. To allow the passage of a truck over this rise, the floor was made to slope gradually off about five feet each way. The crest of this rise was immediately over the shaft on which the pulley below was fixed and was on a line which, if extended, would pass in front of the elevator entrance and about one foot therefrom. The abrupt edge of this rise was parallel to and eighteen inches from the side of the elevator. It extended about six feet farther to the front than the elevator. To the right of the elevator entrance, and sixteen inches away, there was an opening in the floor, fifteen inches by twenty-four inches in size, through which a belt was rapidly running from the ceiling above downward through the floor. The plaintiff, when hurt, was propelling a truck loaded with hides from the rolling room below to the drying room on the second floor. It was a four-wheel truck, eight feet long and four feet wide over all, the two axles being about five feet apart, and it was moved by means of a handle or tongue fastened with a king-bolt so as to be turned in any direction. He had pulled the truck into the elevator so that on arriving at the second floor it was necessary to push it off backward. To reach the drying room he should have pushed it straight back beyond the rise in the floor and then forward over the rise past the elevator into the drying room. In pushing it out of the elevator it swerved to one side so that the rear wheel ran against the abrupt edge of the rise, thus making it necessary to pull it forward a little to give it a new direction and back it again beyond the rise. In doing this he did not step back into the elevator, because he feared that some one below or above might start it. He therefore stepped back on the floor toward the right hand side of the

CLXII Cal.—24

elevator, and, failing to observe the belt hole, he stepped into it, his leg was drawn in by the belt and broken, and the skin and flesh burned by the friction of the running belt. He had been in that work for seven weeks and was familiar with the belt hole, the rise in the floor, the elevator, the manner of doing the work, and the entire situation and conditions.

The original complaint is not in the record. According to the opinion of this court on the former appeal, to which we may look, the negligence therein charged consisted only of maintaining the belt hole aforesaid with no guard around it to prevent a person from stepping into it. The answer set up as a defense that the plaintiff's own negligence contributed to or caused the injury. The amendment to the complaint after the former appeal and prior to the last trial consisted in adding the allegations that the elevator shaft was carelessly left unguarded and that said shaft and said belt hole were carelessly placed in close proximity to each other. These conditions it is claimed, both contributed to the injury and relieved the plaintiff from the charge of negligence in failing to remember or observe the belt hole, which he well knew existed and could easily have seen.

We do not think these additional allegations materially changed the issue. The additional facts were all involved in the issue presented on the first trial, and they were all shown by the evidence, and, so far as they are material, they were all considered by this court in the former opinion. It is true that the question decided upon the former appeal was that the court, at the close of the first trial, should have granted a nonsuit. But the defendant, in the answer to the original complaint, had pleaded contributory negligence as a defense. This made it necessary to grant a nonsuit if the evidence given for the plaintiff showed as matter of law that the plaintiff's own negligence proximately contributed to his injury. The facts above related were all shown by the evidence there given on behalf of the plaintiff. The evidence on the present trial did not materially change the facts in any respect. Upon the former appeal the court decided that contributory negligence was shown as matter of law, and that the court upon that trial should have granted the nonsuit. The proximity of the hole and the shaft to each other were shown upon the former trial and referred to in the opinion upon the former appeal. They

were there stated to be only nine inches apart, instead of six-teen inches apart as here appears. Their proximity was one of the conditions considered upon the former appeal in determining the question of the plaintiff's negligence. The un-guarded condition of the elevator shaft was immaterial. It could not have contributed to the plaintiff's confusion at the time and he does not say that it did. His fear that some one might start the elevator prevented him from stepping back into it. If it had been guarded, the guard would have pre-vented him. Either hindrance would have made him move in some other direction, as it appears that he did. The decision rested upon substantially the same facts that are presented by the pleadings and the evidence upon the second trial. The law of the case should have controlled.

We desire to say, however, that it is not necessary to resort to the doctrine of the law of the case. It has been sometimes said that the doctrine of the law of the case is invoked only when the former decision as to the law is erroneous; that its application presupposes a previous error by which the court is bound. It does, indeed, go that far, if it becomes necessary to do so. But the last decision would be the same in a case where the first decision was not erroneous. The doctrine means simply this: that the court having once decided the law, and the cause having gone back to the lower court for further proceedings in ac-cordance with the law as thus established, and the parties and the lower court having acted in reliance upon that law, this court will not, upon a second appeal, again enter into a consideration of the question, but, if the facts and circum-stances are substantially the same, will treat it as settled law, regardless of its accuracy. (See *Allen* v. *Bryant,* 155 Cal. 258, [100 Pac. 704].) In the present case we are entirely satisfied with the law laid down on the former appeal. The subject is there fully and carefully considered and it is not necessary here to repeat the argument. We refer to the opinion in that case for a further statement of the reasons which led to the conclusion that there was contributory negli-gence on the part of the plaintiff. (See, also, *Ergo* v. *Merced etc. Co.,* 161 Cal. 334, [119 Pac. 101].) The general verdict and the answers of the jury to the special interrogatories to the effect that there was no contributory negligence of plain-

tiff were contrary to the evidence. The motion for a new trial should have been granted.

The judgment and order are reversed.

Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

ANGELLOTTI, J., concurring.—I concur in the judgment on the first ground stated in the opinion, viz.: the law of the case.

Rehearing denied.