[L. A. No. 4466. Department Two.—August 2, 1918.]

FREDERICK E. OPITZ, Respondent, v. PAUL W. SCHENCK, Appellant.

NEGLIGENCE — COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE— PLEADING—SUFFICIENCY OF COMPLAINT.—In an action to recover damages for personal injuries sustained by plaintiff in a collision between the motorcycle on which he was riding and an automobile which defendant was driving, the allegation in the complaint that the defendant negligently and carelessly drove his automobile with

great force and violence against the plaintiff and thereby hurled
him to the ground is a sufficient statement of negligence.

ID.—DEFECTIVE PLEADING OF CITY ORDINANCE—WHEN IMMATERIAL.—
The defective pleading of an ordinance relied on as additional evi-
dence in proof of negligence, or a failure to allege its existence at
the time of the accident, or at all, is immaterial, in view of an allega-
tion of negligence in general terms.

ID.—FINDINGS—PROXIMATE CAUSE OF ACCIDENT—WANT OF INCONSIST-
ENCY.—There is no inconsistency in a finding that the proximate
cause of the accident was the "cutting" of a corner by the defend-
ant, and one that such cause was defendant's traveling at a speed
of more than fifteen miles an hour in turning from one street into
another, since both acts might have been contributing proximate
causes of the accident.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, *in pro. per.,* for Appellant.

James P. Clark, for Respondent.

LORIGAN, J.—This action is to recover damages for per-
sonal injuries sustained by plaintiff in a collision between
the motorcycle on which he was riding and an automobile
which defendant was driving.   Defendant appeals from a
judgment entered in favor of plaintiff on a verdict of the
jury for two thousand dollars.

The accident happened at the intersection of Washington
Street and Crenshaw Boulevard, in the city of Los Angeles,
and occurred through the negligent operation by defend-
ant of his automobile over and across the intersection of
said streets.

The first point urged for a reversal is that the complaint
does not state a cause of action in its allegations of negli-
gence.   The complaint charged that about the intersection
of said streets above mentioned "defendant negligently and
carelessly drove and ran an automobile with great force and
violence against the plaintiff and thereby hurled the plain-
tiff with great force and violence against the ground, and
that plaintiff was by reason of the premises greatly bruised
and injured . . . ."   It was further alleged that defend-

ant, in driving and operating his automobile over and across the intersection of said streets, did not pass to the right of the center of the intersection of said streets before turning northeasterly on said Crenshaw Boulevard, but drove and operated said automobile over and across said intersection in a northeasterly direction to the left and westerly of the center of said streets, in violation of an ordinance of the city of Los Angeles prohibiting it, in other words, that defendant "cut the corner" at said intersection of said streets, and that by reason of the violation of said ordinance in doing so, and the negligent and careless manner in which defendant operated and drove said automobile, the same ran into and against the plaintiff as aforesaid to his permanent injury.

It is insisted that there is an entire omission in these allegations to specify the particular acts of negligence which caused the injury. But it was not necessary to set the facts out with any more particularity than the complaint did. At common law it was not necessary in charging negligence in the operation of a vehicle by a defendant whereby a collision with a vehicle operated by plaintiff occurred to aver anything more than that the collision occurred, and that it occurred through the negligence of defendant. This rule is still the rule of pleading in this state. Here the complaint alleged that the defendant drove his automobile with great force and violence against plaintiff and thereby hurled him to the ground, and that this was "done by him carelessly and negligently." Under the rule obtaining this was all the allegation that was necessary. (*Smith* v. *Buttner*, 90 Cal. 95, [27 Pac. 29]; *Crabbe* v. *Mammoth Channel Gold Min. Co.,* 168 Cal. 505, [143 Pac. 714]; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 146, [34 Pac. 618, 36 Pac. 407]; *Cunningham* v. *Los Angeles Ry. Co.,* 115 Cal. 566, [47 Pac. 452].)

It is insisted, as to the ordinance of the city of Los Angeles mentioned in the complaint, that it was not properly pleaded in this, that it was not alleged to have been in force at the time of the accident. The complaint, however, was good without any allegations as to the ordinance at all. It alleged negligence in general terms which, as we have just shown, was all that was necessary. If under such an allegation the plaintiff wished to prove the violation of the ordinance,

he could do so whether it was pleaded or not. This was not an action for damages for the violation of a city ordinance, or to enforce a liability or penalty imposed by one where, of course, it would be necessary to plead the ordinance relied on as the foundation of the action, but was an ordinary suit for damages for negligence pleaded in general terms. Under these circumstances the defective pleading of an ordinance relied on as additional evidence in proof of negligence, or a failure to allege its existence at the time of the accident, or at all, is immaterial; its existence and its violation are given in evidence in aid of the general negligence alleged; it is simply evidentiary matter, and as such, under our system of pleading, it would be improper to plead it. (*Cragg* v. *Los Angeles Trust Co.,* 154 Cal. 663, [16 Ann. Cas. 1061, 98 Pac. 1063].)

The last point made is that the findings of the jury are inconsistent with each other. This is predicated on the fact that several special questions were submitted to the jury for their answer, and to one of these they replied that the "cutting" of the defendant across the intersection of Washington Street to Crenshaw Boulevard was the proximate cause of the accident, and to another that the proximate cause of the injury was that defendant was traveling at a speed of more than fifteen miles an hour in turning from one street into another. There was no inconsistency in these findings. Both acts of defendant might have been contributing proximate causes of the accident. It is true that the ordinance of the city did not prohibit passing from one street to another at a greater rate of speed than fifteen miles an hour, but whether a party is negligent or not is not determined solely by the fact whether at the rate of speed he was making he was violating a city ordinance or not. If he was violating it, it was negligence *per se,* but he might not be violating it and still be negligent. The rule—speed limitation by ordinance or no speed limitation—is the general and well-established one applying to motor vehicles as to all other vehicles, and is that their operators must use all the care and caution in operating them which careful and prudent men should exercise having due regard for the safety of the public and the rights of others to the use of the streets. The operator of a vehicle may not escape liability for a colli-

sion by simply saying that he was not exceeding the speed limit established by statute or ordinance when it happened. It may appear (the other party being without fault) that though a defendant was not exceeding the limit of speed prescribed by the ordinance, yet that he was operating his vehicle without such control as to speed under the particular circumstances as a careful and prudent man in the exercise of due care and caution would have had. We have not the ordinance before us, and as this is an appeal on the judgment-roll alone, we must assume that there was evidence to sustain the allegations of the complaint. It appears therefrom that the collision occurred after dark at the intersection of two streets through the defendant "cutting the corner" at a speed exceeding fifteen miles an hour, and the jury may very properly have determined that "cutting a corner" in the dark at that rate of speed was carelessness and negligence on the part of the defendant independent of any ordinance relative to a speed limit at all.

The judgment appealed from is affirmed.

Wilbur, J., and Melvin, J., concurred.