[Civ. No. 7335. First Appellate District, Division Two.—March 24, 1930.]

R. H. BARRETT, as Building Inspector, etc., et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Girard N. Richardson, City Attorney, and Joseph C. Prior for Petitioners.

Breed, Burpee & Robinson for Respondents.

STURTEVANT, J.—After the *remittiturs* were filed in *Andrews* v. *Barrett,* 100 Cal. App. 801 [281 Pac. 79], and *Andrews* v. *City of Piedmont,* 100 Cal. App. 700 [281 Pac. 78], two companion cases, the plaintiff again applied for the building permit which was the subject matter involved in those two actions. His last application was not granted because a new ordinance had been passed. He then commenced a contempt proceeding. The trial court entered a judgment of contempt against R. H. Barrett, as building inspector, and against the City of Piedmont. Thereafter they applied to this court for a writ of review.

The ordinance under consideration in the two cases above cited was No. 268. Those cases were commenced on March 29, 1928. On March 21, 1929, Ordinance No. 315 was passed. The questions before the court in the case at bar turn on the effect, if any, that the provisions of the new ordinance have on the rights of the parties in the two cases cited.

As stated above, the City of Piedmont and its officers rely on the provisions of the new ordinance. The property owner, F. A. Andrews, contends that the latter ordinance has no effect whatever, that his application for a permit should have been granted, and that the judgment of contempt was properly entered. That the latter ordinance has no effect whatever is predicated on the contention that whether said ordinance is valid or invalid there is nothing in the record to the effect that it contains any word or words showing that any of its provisions were retroactive. The

point must be sustained. Counsel have stipulated to the facts which were before the trial court. Neither Ordinance No. 315 nor any section thereof was before that court. Nor was there before the court any stipulation as to when said ordinance took effect. It follows that the trial court did not err in holding, in effect, that the passage of Ordinance No. 315 was immaterial as to anything before the court. As will presently appear, the fact that said ordinance was not retroactive is not necessarily determinative of the question of its materiality in the case at bar. If the lot owner did not hold a final judgment, and if this were an initial proceeding to compel the issuance of the permit, it might well be contended that Ordinance No. 315 was the controlling law and therefore the City of Piedmont and its officers had the right to refuse the permit. (*Brougher* v. *Board of Public Works,* 205 Cal. 426 [271 Pac. 487].) But that case rested on the doctrine that the applicant had not, by filing an application, obtained a vested right. The applicant cites and relies on *London* v. *Robinson,* 94 Cal. App. 774 [271 Pac. 921]. But in that case the permit was issued, and there was no attempt to recall or revoke made by the municipal authorities. The real question before us is, therefore, whether this applicant for a permit obtained a vested right. As to when an applicant for a statutory permit has acquired a vested right is not expressly defined by any case cited by counsel. ▉ However, our books are full of cases to the effect that, as to the case under consideration a final judgment, in the absence of supplemental pleadings as to new rights, determines both the facts and the law pertinent as of the date the action was commenced. (*Metropolis Trust & Sav. Bank* v. *Barnet,* 165 Cal. 449 [132 Pac. 833].) The determination includes both the facts and the law applicable to that particular case (15 Cal. Jur. 142–146) whether the statutes on which it rests are valid or invalid (15 Cal. Jur. 147). ▉ Except in a manner authorized by statute the court that rendered the judgment may not alter it (14 Cal. Jur. 991), and what the court may not do in this behalf, the law-making power may not do. (5 Cal. Jur. 755; 12 C. J. 956, 984; *People* v. *Owen,* 286 Ill. 638 [122 N. E. 132, 3 A. L. R. 447, and extended note].) Having before it a set of facts quite similar if not in all respects parallel, the Supreme

Court of Louisiana came to the same conclusion. (*City of Shreveport* v. *Dickason,* 160 La. 563 [107 South. 427].) We find no error in the record.

The proceedings are affirmed.

Nourse, Acting P. J., and Dooling, J., *pro tem.,* concurred.