[Civ. No. 8393. First Appellate District, Division Two.—March 30, 1932.]

L. LONDON, Appellant, v. L. B. ROBINSON et al., Respondents.

Sullivan & Barry and Theo. J. Roche for Appellant.

tum Suden & tum Suden for Respondents.

STURTEVANT, J.—This is the second appeal in the above-entitled action. (*London* v. *Robinson*, 94 Cal. App. 774 [271 Pac. 921].) After the *remittitur* went down and was received in the trial court the action was again called for trial. No amendments to the pleadings were made. The plaintiff offered certain evidence to which objections were made and sustained. After the plaintiff rested the defendants made a motion for a nonsuit, the motion was granted, and the plaintiff has appealed from the order granting the motion for a nonsuit.

As recited in the former decision, a permit was issued to the defendant Robinson authorizing him to construct an apartment house on his lot. Thereafter an amended ordinance was enacted which, by its terms, purported to place Robinson's property in a first residential district. In the former decision this court decided that the amended ordinance was not retroactive and did not affect or limit the rights of the defendants. That decision was wholly confined to the zoning ordinances of San Francisco.

On the second trial the plaintiff offered several pieces of evidence for the purpose of proving that the permit was not issued in compliance with the building ordinance, the plumbing ordinance, and the ordinances governing the board of health. Objections were made and sustained to said offers. The rulings were clearly correct,

because the pleadings before the court did not contain one word to the effect that any ordinances on said subjects are in existence or that said ordinances, if in existence, were not complied with. If the plaintiff had any such grievances the ordinances should have been pleaded and the alleged noncompliance should have been pleaded. (18 Cal. Jur. 922.)

When the plaintiff rested certain stipulations were before the court, but those stipulations were confined to an agreement as to the facts that were before the court on the first trial. It follows that the decision, *London* v. *Robinson*, 94 Cal. App. 774 [271 Pac. 921], had become the law of the case. (2 Cal. Jur. 1045; *Brett* v. *S. H. Frank & Co.*, 162 Cal. 735, 739, 740 [124 Pac. 437].)

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 29, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 26, 1932.