[Civ. No. 6817. Fourth Dist. Aug. 31, 1962.]

CLIFFORD E. THOMPSON et al., Plaintiffs and Appellants, v. EDNA GUYER-HAYS et al., Defendants and Respondents.

Dudley K. Wright for Plaintiffs and Appellants.

Martell Thompson, Frank L. Bowman and Bradley & Bowman for Defendants and Respondents.

SHEPARD, J.—This is an appeal by plaintiffs from order granting defendants' motions for a new trial after judgment for plaintiffs for rescission and damages.

### FACTS

In reading the facts it must be kept in mind that the trial court, by its order, restricted its order to the sole ground of "against law." Without reviewing the various conflicts, and stating the evidence as it supports the judgment, the essential facts shown by the record are as follows: On August 15, 1957, plaintiffs purchased four mountain residence lots

in the Silverado Canyon of eastern Orange County from defendant Guyer-Hays, on the representation by defendant Hiatt, who was then acting as broker for defendant Guyer-Hays, that the two dwellings located on said lots were built in compliance with applicable codes and ordinances of Orange County and were ready for occupation and habitation upon the obtaining of a plumbing permit and installation of a cesspool and plumbing and the connecting of electricity to said dwellings.

At the time of making said representations, Hiatt knew said dwellings had not been constructed in accordance with said ordinances and codes and did not inform plaintiffs thereof. Plaintiffs relied on said representations and would not have purchased except for such reliance. Said representations were false in that the dwellings had been completed after cancellation of the building permit from the county and the foundations and framework did not comply with the county ordinance. Plaintiffs did not learn of the defects until notified thereof by Orange County officers in March or April 1959. Plaintiffs thereupon gave to Guyer-Hays notice of election to rescind and on June 23, 1959, brought this action for rescission and damages.

### PLEADING

Plaintiffs' complaint in substance alleged the foregoing matters, together with monetary details, but did not attempt, by either content or title and date of passage, to plead the ordinances which were not complied with in said construction. No demurrer was interposed. Defendants answered denying said alleged representations, denied plaintiffs' alleged reliance thereon, alleged opportunity for and actual inspection by plaintiffs, denied ordinance violation and set up laches.

### PRETRIAL STATEMENTS

In their pretrial statement plaintiffs followed in abbreviated form their pleading allegations and, in essence, represented the issues to be: (1) whether defendants made material misrepresentations as to the property; (2) whether plaintiffs relied on such representations; (3) damages. Hiatt's statement briefly reviews the allegations and denials of the pleadings and states the issues to be: (1) Hiatt's denial of said representations; (2) plaintiffs' reliance on the alleged representations; (3) knowledge by Hiatt of building code violations; (4) notice to Hiatt of rescission; (5), (6) and (7) damages. Guyer-Hays, after briefly reviewing the factual

background, simply stated the claims by plaintiffs that defendants represented the dwelling was in compliance with applicable ordinances, falsity of representation, reliance and damages and that defendants deny any misrepresentation.

## PRETRIAL ORDER

The pretrial order with extreme brevity, recited the rudiments of the factual background; that plaintiffs contend the property was misrepresented to them, notice from Orange County that the property was unsafe for habitation; that plaintiffs seek to rescind and recover money paid and damages; that plaintiffs contend there was an implied warranty that the dwellings were suitable for habitation and that there was express misrepresentation by Hiatt known by her to be false; that defendants deny misrepresentation, contend the property was open and visible to plaintiffs and assert laches on the part of plaintiffs. It stated the issues to be: (1) Was there any misrepresentation? (2) Was there any breach of implied warranty? (3) Laches; (4) Damages.

## TRIAL

During the trial, testimony was given supporting the allegations of misrepresentation. A building inspector of Orange County testified that building permits were issued in 1953 for original construction of the said dwellings; that on May 11, 1954, the permit had expired; that he then inspected the buildings and found that approved plans were not on the job; that trenches (for foundations) were not in solid soil; that on June 19, 1954, he again inspected the premises, met the then owner, reminded him of the invalidity of his permit and received his promise to renew the permit; that no such renewal was obtained and that he later posted notice of suspension of the permits; that on March 12, 1956, he again inspected the premises, found that no renewal of the permit had been obtained and posted notice of cancellation thereof; that in 1955 he talked to Hiatt, who made derogatory statements of witness' department's treatment of said owner, indicating knowledge by her of said department's refusal to approve said buildings; that in 1959 he again inspected and found that in spite of the lack of a permit, construction work was done; that the ceiling was lower than the minimum 7 feet 6 inches clearance required by the ordinance; that the foundation was insufficient to give the required 18 inches clearance beneath the floor; that there was no access hole under the floor and insufficient ventilation; that the electric

wiring had been covered by panelling without inspection; that the 2 by 3-inch framework did not comply with the building code; that there was a 2½ to 4-inch sag in the ceiling, indicating insufficient strength or too long a span for the ceiling joists. Other evidence supported the conclusion that the excavation of the hill in the rear of the building had been done in violation of the ordinance, that it had been insufficiently done; that slides had occurred, bringing the soil line above the foundations, contrary to ordinance requirements; that Hiatt had represented the dwellings to be ready for human occupancy as soon as plumbing and cesspool work had been done and electricity connected and that this representation was false and then known by Hiatt to be false; that the county in 1959 gave notice that the building was not fit for human occupancy and, on certain conditions not being met, would be destroyed. Details of monetary damage were received in evidence. No objection was ever made to the receipt in evidence of any of the foregoing testimony.

No suggestion was ever made by any counsel or the court that the witness not be permitted to directly testify to the ordinance violations or that the witness' statements were conclusions or that the ordinance involved be examined to discover if the witness had correctly interpreted them or correctly applied them to the facts.

The notice of condemnation served by the county in 1959 was put in evidence without objection. It specifies, in essence, as the reasons for condemnation: (1) construction after cancellation of permits; (2) lack of department inspection clearance; (3) noncompliance of foundations with code section 2805a; (4) covering framework in violation of section 304(a) ; (5) framework substandard, rotting; (6) excavation in violation of section 2801, creating hazard to life and property; and (7) structures nonconforming to Building Code, damage from earth slides, elements and neglect. A copy of section 203(a) was annexed to the notice and likewise went into evidence without objection. Section 203(a) provides in substance that buildings which constitute a fire hazard or are dangerous to human life, safety or health are unsafe and a public nuisance. Section 203(6) provides procedure for abatement. After completion of trial and argument of counsel the trial judge stated, "The matter will be taken under advisement. I will advise counsel the case will be tried on the Complaint and Answer thereto and not by any issues in the pretrial order, which

sets forth implied warranty, which, as far as I know, has nothing to do with real property.''

The trial judge found the facts to be substantially as claimed by plaintiffs and entered judgment for rescission and damages. Thereafter the defendants both moved for a new trial on only two grounds: (1) insufficiency of the evidence to justify the decision of the court, and (2) that the decision of the court is against the law. The trial court granted the motions on the sole ground ''that the decision of the court is against the law in that the County Ordinance was neither pleaded or proved at the time of trial.'' Plaintiffs appeal.

## EFFECT OF PRETRIAL ORDER

First, it must be noted that Rules for the Superior Court, rule 8.8 (now Cal. Rules of Court, rule 216) provides that the pretrial conference order controls the subsequent course of the case unless modified at or before trial. This is as much a part of our law as any of our other procedural rules. If any party or the court deems it insufficient or incorrect, it may be modified at any time before trial under the ample provisions made in the rules therefor. It may not be ignored. It limits the trial issues. (*Baird* v. *Hodson,* 161 Cal.App.2d 687 [327 P.2d 215]; *Dell'Orto* v. *Dell'Orto,* 166 Cal.App.2d 825, 829 [2] [334 P.2d 97]; *Cal-Neva Lodge, Inc.* v. *Marx,* 178 Cal.App.2d 186, 187 [1] [2 Cal.Rptr. 889]; *Fitzsimmons* v. *Jones,* 179 Cal.App.2d 5, 8-9 [1-2] [3 Cal.Rptr. 373]; *County of Kings* v. *Scott,* 190 Cal. App.2d 218, 225 [5] [11 Cal.Rptr 893].)

The mere fact that the term warranty appeared to be inappropriate in the light of the pleadings and evidence produced furnishes no excuse for ignoring the balance of the order, informal though its language might be. Actually, the order read in the light of the pretrial statements and the preliminary background, and the form of evidence produced by the parties, make clear that the issue was understood by the parties. The issue between the parties was whether or not, as an inducement to plaintiffs in the preliminary sales talk, defendants had made material factual misrepresentations upon which plaintiffs lawfully relied, to their damage. Neither party, nor the court, made any suggestion prior to or during the trial, that the pretrial order was insufficient or erroneous and the evidence was all addressed, in general substance, to the question of whether any material misrepresentation had been made by defendants to plaintiffs as to the condition of the dwellings and to the question of damage.

Thus, we are not concerned with any change during the trial, of the posture of the issues by implied or express consent of the parties.

## PLEADING THE ORDINANCE

 The form of the order granting a new trial pinpoints and completely restricts the issues on this appeal to two questions. The first question is, was the pleading of the ordinance vital to plaintiffs' cause of action?

It is true that superior and appellate courts do not take judicial notice of the contents of city and county ordinances. (*Simpson* v. *City of Los Angeles*, 40 Cal.2d 271, 277 [4] [253 P.2d 464]; *Shachunazarian* v. *Widmer*, 159 Cal.App.2d 180, 182 [2] [323 P.2d 865]; *City of Norwalk* v. *Auction City, Inc.*, 186 Cal.App.2d 287, 290 [3] [8 Cal.Rptr. 781]; *Higbee* v. *La Salle*, 145 Cal.App.2d 737, 739 [303 P.2d 65].)

 It is also true that where there is a direct attack on the ordinance itself (*Simpson* v. *City of Los Angeles, supra*), or where the plaintiff seeks direct enforcement of a specific ordinance (*London* v. *Robinson*, 94 Cal.App. 774 [271 P. 921] and 122 Cal.App. 232 [9 P.2d 880]), or the legality of the contract is challenged on direct prohibition by ordinance (*Columbia Specialty Co.* v. *Breman*, 90 Cal.App.2d 372 [202 P.2d 1034]), or a duty alleged to be commanded by an ordinance is sought to be enforced (*Taliaferro* v. *Wampler*, 127 Cal.App.2d 306 [273 P.2d 829]), the pleading of the ordinance is necessary.

 Where, however, the ordinance is a mere secondary incident of the cause of action, pleading it in the complaint or answer is not a vital prerequisite, even though it may, from the posture of the case, result that proof of the contents of the ordinance is necessary to establish the principal charge of negligence, fraud or other element of the allegation not of itself solely dependent on the ordinance. In such a case it becomes mere evidentiary material. (*Opitz* v. *Schenck*, 178 Cal. 636, 639 [174 P. 40]; *Jackson* v. *Hardy*, 70 Cal.App.2d 6, 13 [160 P.2d 161]; *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, 669 [98 P. 1063, 16 Ann.Cas. 1061]; *Szopieray* v. *West Berkeley etc. Co.*, 194 Cal. 106, 113 [3-4] [227 P. 720].)

The gravamen of plaintiffs' cause of action here was fraudulent misrepresentation of the condition of the property, not the existence or nonexistence of an ordinance. Thus, proof of the contents of the ordinances was in evidentiary aid of the charge of misrepresentation. We are not here involved in a

special demurrer, but in a case in which the pretrial order, and the entire position of the parties on the issues, was grounded on the question of whether there was or was not fraudulent misrepresentation of the physical condition of the property. ■■ We will not adopt a construction of the complaint contrary to that adopted by the pretrial order to which no objection or motion for correction was ever made and which was followed by the parties and the trial court throughout the trial and until after final arguments were made and which was, in essence, embodied in the judgment.

## EVIDENCE

■ The second question is whether there was sufficient proof of misrepresentation to support the judgment. We think that even though some proof of the ordinances was needed to support plaintiffs' assertion of misrepresentation, and even though the court might, on the evidence, have rendered judgment differently than it did, there was, nevertheless, sufficient proof to support the judgment. Without again reviewing the details hereinbefore outlined, a reading thereof discloses that the building inspector testified, without objection, to the pertinent portion of at least one ordinance, and that the physical conditions described were contrary to its terms, constituting a misrepresentation of condition. There was one ordinance put in evidence (203a) whose terms, connected with oral evidence of the physical condition of the property, were susceptible of an overall interpretation supportive of the inspector's testimony and the court's findings and judgment. While much of such testimony of the inspector might have been properly objected to, no objection whatever was made. The testimony was evidence. (Witkin, Cal. Evidence, § 723, p. 751; *Berry* v. *Chrome Crankshaft Co.*, 159 Cal.App.2d 549, 552 [3, 4] [324 P.2d 70].) The sum total was sufficient, considered as a matter of law. (*Barder* v. *McClung*, 93 Cal.App.2d 692, 697 [5] [209 P.2d 808]; *Curran* v. *Heslop*, 115 Cal.App.2d 476, 481 [3-5] [252 P.2d 378]; *Unger* v. *Campau*, 142 Cal.App.2d 722, 725, 726 [1a] [298 P.2d 891].)

## GROUND OF ORDER

■ With the ground of the order completely pinpointed to ". . . against law in that the County Ordinance was neither pleaded or proved . . .," insufficiency of the evidence is specifically excluded. We need examine no other grounds. As was said in *Bray* v. *Rosen*, 167 Cal.App.2d 680, 683 [2-3] [335

P.2d 137] : "The ground 'insufficiency of the evidence to justify the verdict and judgment and that they are against the law' in reality divides itself into two parts. First is the insufficiency that arises in the mind of the trial judge when he weighs the conflicting evidence and finds that which supports the verdict and judgment weighs, in his opinion, less than that which is opposed to it. [Citations.]

"The second portion of this clause, that is 'that they are against the law,' includes the kind of a situation wherein 'the findings are so inconsistent, ambiguous and uncertain that they are incapable of being reconciled and it is impossible to tell how a material issue is determined,' and those cases in which 'the evidence is insufficient in law and without conflict in any material point.' But the words 'against the law' do not import a situation in which the court weighs conflicting evidence and merely finds a balance against the judgment." See also *Opp* v. *Sykes,* 194 Cal.App.2d 208, 211, 212 [3] [15 Cal.Rptr. 1]. ▮▮▮▮▮ Since there was substantial evidence to support the judgment, the granting of a new trial on the ground that it was "against law" was not authorized. We do not construe *Carney* v. *Simmonds,* 49 Cal.2d 84 [315 P.2d 305], to announce any different rule. There, the Supreme Court held that the complaint stated a cause of action, that a judgment on the pleadings was improper and that an order granting a new trial was correct. Under such circumstances the ruling is directly in line with the cases which hold that where there is *no* evidence to support the judgment, an order based on the "against law" portion of Code of Civil Procedure section 657, subdivision 6, is proper.

### Theory of the Case

As has heretofore been pointed out, the parties and the court tried the entire case on the question of misrepresentation and damages. No question of failure to plead or prove the ordinances was ever raised. Direct testimony that the physical construction was not in compliance with applicable ordinances was received without objection. As was said in *Miller* v. *Peters,* 37 Cal.2d 89, 93 [2] [230 P.2d 803] : ▮▮▮▮ "It is settled law that where the parties and the court proceed throughout the trial upon a theory that a certain issue is presented for adjudication, both parties are thereafter estopped from claiming that no such issue was in controversy even though it was not actually raised by the pleadings."

See also *Granberg* v. *Turnham,* 166 Cal.App.2d 390, 397 [8] [333 P.2d 423]; *People* v. *Nahabedian,* 171 Cal.App.2d 302, 306 [2, 3, 1b] [340 P.2d 1053].

The order granting a new trial is reversed.

Griffin, P. J., concurred.

A petition for a rehearing was denied September 28, 1962.