[Civ. No. 31440. Second Dist., Div. Two. Apr. 30, 1968.]

IDA MAE BROOKS, Plaintiff and Appellant, v. MATTHEW HAROOTUNIAN, Defendant and Respondent.

Potter, Creim & Rogers and Marjorie R. Creim for Plaintiff and Appellant.

Gary W. Sawtelle for Defendant and Respondent.

HERNDON, J.—Plaintiff appeals from the order granting defendant's motion for a new trial following the entry of judgment upon a verdict awarding her damages for personal

injuries. Primarily appellant contends that the order must be reversed because of the trial court's failure to comply with the mandatory provision of Code of Civil Procedure section 657, as amended in 1965, which requires that the court file a written specification of the reasons for its action within 10 days after the filing of its order granting a new trial and that failure so to do may not be corrected by amendment after such statutory period has run.

Secondarily, appellant argues that if the reasons belatedly specified in the instant case may be considered by the appellate court notwithstanding that they were filed beyond the 10-day period, they are not supported by the evidence. Since we believe that the recent decision of our Supreme Court in *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], establishes the correctness of appellant's first contention, we need not consider the merit, if any, in her second assignment of error.

This appeal is before us upon a record consisting of a clerk's transcript and a settled statement augmented by a partial reporter's transcript.

Unquestionably the evidence bearing upon the factual issues determinative of liability is so conflicting that an appellate court, lacking the power to weigh it, could not reasonably hold it insufficient to support the verdict. We therefore proceed to a consideration of the primary question presented by this appeal: Whether the order granting respondent's motion for a new trial is sustainable on the specified ground of insufficiency of the evidence in view of the trial court's failure to file a written specification of the reasons for its action within the 10-day period prescribed in section 657 of the Code of Civil Procedure. That section, as amended in 1965, provides in pertinent part as follows:

"The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court *must, within 10 days after filing such order, prepare; sign and file such specification of reasons in writing with the clerk.* The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

"On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the

order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; *and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict* or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, *it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons,* and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.'' (Italics added.)

Section 660 of the Code of Civil Procedure, as amended in 1959, provides in pertinent part: ''A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed. The minute entry shall in all cases show the date on which the order actually is entered in the permanent minutes, but failure to comply with this direction shall not impair the validity or effectiveness of the order.''

In this case the trial court granted respondent's motion for new trial by minute order dated December 27, 1965. Although this minute entry did not show the date on which it was actually entered in the permanent minutes, such omission is not fatal. (Code Civ. Proc., § 660.) We have augmented the record on our own motion in order to determine the actual date of that entry. It appears therefrom that the date of entry in the permanent minutes was December 29, 1965. The order reads in material part as follows:

''The defendant's motion for new trial is granted on the ground that the evidence is insufficient to justify the verdict and that the verdict and judgment are against the law and the facts.''

. Since this order does not contain the specification of reasons required by Code of Civil Procedure section 657, compliance with said requirement could be effected only by the filing of such specification of reasons with the clerk within 10 days after the entry of the order in the permanent minutes.

No such specifications were filed in this case until January 13, 1966, which was the fifteenth day after the indicated entry of the order here under review.

In *Mercer* v. *Perez, supra,* 68 Cal.2d 104, our Supreme Court reversed an order granting a motion for a new trial made on the sole ground of insufficiency of the evidence to support the jury's verdict. The order did not contain a specification of reasons and no such specification was subsequently filed. In clear and unequivocal language the Supreme Court declared that the provision of section 657 requiring the filing of the specification of reasons within the 10-day period is "in effect a 10-day statute of limitations on the exercise of the judge's power" and that "any attempt by the court to circumvent its limits would likewise be in excess of jurisdiction." The following quotation from the *Mercer* decision at page 121 states the applicable law:

"Moreover, the 1965 amendments impose *the same time limit* on the judge's power to specify reasons as the former law placed on his power to specify insufficiency as the ground: i.e., 'within 10 days' after the motion is granted. As we reiterate today in *Siegal* v. *Superior Court, ante,* pp. 97, 103 [65 Cal. Rptr. 311, 436 P.2d 311], that provision of the pre-1965 statute was uniformly construed to be in effect a 10-day statute of limitations on the exercise of the judge's power: 'No court or seasoned member of the legal profession will doubt that the purpose of the legislature . . . was to set up, in effect, a *statute of limitation* on the *time* within which a trial court can, either by original action or by *nunc pro tunc* order, specify *insufficiency of the evidence* as a ground for an order granting a new trial.' (Italics in original.) (*Cox* v. *Tyrone Power Enterprises, Inc.* (1942) 49 Cal.App.2d 383, 393 [121 P.2d 829] (per Schauer, P. J.); see also *Malkasian* v. *Irwin* (1964) *supra,* 61 Cal.2d 738, 745 [40 Cal.Rptr. 78, 294 P.2d 822], and cases cited.) Accordingly, a purported judicial act specifying that ground after the statutory time had run was not only an abuse of discretion, it was in excess of jurisdiction. (*Whitley* v. *Superior Court* (1941) 18 Cal.2d 75, 80-82 [113 P.2d 449], overruled on other grounds in *Dempsey* v. *Market Street Ry. Co.* (1943) 23 Cal.2d 110, 116-117 [142 P.2d 929]; *Thomas* v. *Driscoll* (1940) *supra,* 42 Cal.2d 23, 28 [108 P.2d 43]), and could not be saved by the device of treating the belated specification as a *nunc pro tunc* 'correction' of the earlier order (*Opp* v. *Sykes* (1961) *supra,* 194 Cal.App.2d 208, 212-216 [15 Cal.Rptr. 1] [discussing cases]).

"The same construction must obviously be placed on the

same language of the amended version of section 657: the present 10-day provision is no less a statute of limitations than its predecessor, and any attempt by the court to circumvent its limits would likewise be in excess of jurisdiction. There is no conflict here with our earlier statement that a failure to specify reasons is not, as such, a jurisdictional defect. By *omitting to act* in that connection a court does not render its new trial order void, it merely restricts the scope of appellate review to the other grounds, if any, listed in the motion; but a purported specification of grounds or reasons made after the 10-day statute of limitations has run is an *act* in excess of jurisdiction, and therefore void to that extent. In the case at bar the 10-day period has long since expired, and the court thus has no further power in this regard.''

However, while the failure to file the required specification of reasons within statutory time prevents us from considering insufficiency of the evidence as a ground for granting the new trial, nevertheless since a new trial was granted, section 657 requires us to review the record and to affirm the order ''if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons, . . .'' (*Treber* v. *Superior Court,* 68 Cal.2d 128, 133 et seq. [65 Cal.Rptr. 330, 436 P.2d 330].)

Respondent's notice of motion herein stated that it was made upon the grounds ''1. Insufficiency of the evidence to justify the verdict; 2. That the verdict is against the law; 3. Irregularity in the proceedings of the adverse party by which defendant was prevented from having a fair trial; 4. Error in law, occurring at the trial and excepted to by the defendant.''

The instant appeal is upon a settled statement and nowhere therein, nor in respondent's brief, is there so much as a hint of any ''irregularity in the proceedings'' or ''error in law, occurring at the trial and excepted to by the defendant'' that would have supported the grant of a new trial on the third or fourth grounds specified in respondent's motion. In addition, although not conclusive upon this court, the trial court granted the motion only upon the ground of insufficiency of the evidence ''and that the verdict and judgment are against the law and the facts.'' In *Kralyevich* v. *Magrini,* 172 Cal. App.2d 784, 789 [342 P.2d 903], the court observed:

''The notice of motion in the instant case set forth two grounds: (1) insufficiency of the evidence, and (2) that the verdict is against law. The latter ground is of very limited ap-

plication. A decision can be said to be 'against law' only: (1) where there is a failure to find on a material issue; (2) where the findings are irreconcilable; and (3) where the evidence is insufficient in law and without conflict in any material point. [Citations.] When a general verdict only is returned it can be said to be 'against law' only when it is unsupported by any substantial evidence, i.e., when the entire evidence is such as would justify a directed verdict against the party in whose favor the verdict is returned. '[T]he words "against law" do not import a situation in which the court weighs conflicting evidence and merely finds a balance against the judgment.' [Citation.]"

At the time respondent moved for a new trial in the present action, he also moved for a judgment notwithstanding the verdict. The trial court denied respondent's motion for judgment notwithstanding the verdict, as it had denied his motion for nonsuit, thereby indicating its acceptance of the essentially indisputable fact that appellant had produced sufficient evidence on the issues to take the matter to the jury. In its tardy specification of reasons for granting the new trial, the court indicated that it did not regard as "credible" appellant's testimony concerning the cause of her fall or the existence of an agreement which placed a duty on respondent to correct the dangerous condition that allegedly caused her fall.

 Of course, the trial court in determining a motion for new trial may reweigh conflicting evidence when considering alleged insufficiency of the evidence as the ground for such motion. However, as previously indicated, the result of such a reevaluation and consequent rejection of appellant's testimony as unreliable does not authorize a determination that the verdict is "against law." (*Kralyevich* v. *Magrini, supra,* 172 Cal.App.2d at p. 789; *Thompson* v. *Guyer-Hays,* 207 Cal. App.2d 366, 375 [24 Cal.Rptr. 461].)

 Respondent in his brief recognizes that the true basis for the new trial granted herein was insufficiency of the evidence rather than that the verdict was against the law. As expressed in his "Summary": "Appellant's complaint [on this appeal] really is that the trier of fact should have given more weight to Appellant's testimony than to the testimony of the other witnesses in the case. By admitting that there was conflicting evidence Appellant has conceded *the real point in issue, to wit; that there was evidence on both sides of these questions.*" (Italics added.)

The order granting a new trial is reversed.

Roth, P. J., and Fleming, J., concurred.