[Civ. No. 33456.    Second Dist., Div. One.    July 7, 1969.]

MARTHA EVELYN GRANT, Plaintiff and Respondent, v. JESSE RHAE HALL et al., Defendants and Appellants.

---

*Assigned by the Chairman of the Judicial Council.

Morrow & Lamont and George T. Woods for Defendants and Appellants.

Joseph J. Cogen for Plaintiff and Respondent.

LILLIE, J.—Sam and Martha Evelyn Grant, husband and wife, filed an action for damages for personal injuries arising out of an automobile collision. A jury found against defendants and in favor of plaintiff Sam Grant for $450 and Martha Evelyn Grant for $1,525. Thereafter plaintiffs moved for a new trial; Sam's motion was denied but Martha was granted a new trial. Defendants appeal from the order.

While the minute order of December 1, 1967, recites that the motion for new trial "is granted as to plaintiff Evelyn Grant on the grounds of accident or surprise, which ordinary prudence could not have guarded against, and denied on the grounds of insufficiency of the evidence to justify the verdict," the court below did not specify its reasons for granting the new trial upon the grounds stated. Appellants direct

our attention to the requirement under section 657, Code of Civil Procedure, as amended,[1] that the court specify its reasons within 10 days after ordering a new trial, and assert that since this is mandatory and jurisdictional and the court failed to specify its reasons for granting Martha a new trial, the order must be reversed. This contention has been decided adversely by the Supreme Court in *Mercer* v. *Perez*, 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], and *Treber* v. *Superior Court*, 68 Cal.2d 128 [65 Cal.Rptr. 330, 436 P.2d 330], as well as in numerous other cases in which this court has had occasion to interpret section 657, Code of Civil Procedure, as amended in 1965. (*Hayes* v. *Long Beach Banana Distributors, Inc.*, 270 Cal.App.2d 658, 661 [76 Cal.Rptr. 260]; *San Francisco Bay Area Rapid Transit Dist.* v. *McKeegan*, 265 Cal.App.2d 263, 269 [71 Cal.Rptr. 204]; *Funderburk* v. *General Tel. Co.*, 262 Cal.App.2d 869, 873 [69 Cal.Rptr. 275]; *Brooks* v. *Harootunian*, 261 Cal.App.2d 680, 682 [68 Cal.Rptr. 374]; *Tagney* v. *Hoy*, 260 Cal.App.2d 372, 374 [67 Cal.Rptr. 261]; *Kincaid* v. *Sears, Roebuck & Co.*, 259 Cal.App.2d 733,

[1]Section 657, Code of Civil Procedure as amended in 1965, provides in pertinent part: ''When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.

''A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, nor upon the ground of excessive or inadequate damages, unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision.

''The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

''On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons, except that (a) the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, unless such ground is stated in the order granting the motion and (b) on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.''

737 [66 Cal.Rptr. 915]; *Kramer* v. *Boynton,* 258 Cal.App.2d 171, 173 [65 Cal.Rptr. 669].)

The order granting a new trial in *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], was construed to adequately state the ground of insufficiency of the evidence; however, the trial court failed to specify its reasons. The Supreme Court pointed up the dual statutory intent underlying the requirement of section 657, Code of Civil Procedure, that the court shall specify its ''reason or reasons for granting the new trial upon each ground stated''—to encourage careful deliberation by trial courts before ordering new trials and to promote a more meaningful appellate review of such orders—and that the procedural steps prescribed by law for making and determining a motion for new trial are mandatory and must be strictly followed; and held that while any attempt by the trial court to specify its reasons after a 10-day period is an exercise of power in excess of its jurisdiction, its complete failure to specify its reasons for granting a new trial on the ground specified in the order is not jurisdictional and does not render the order defective or void. ''. . . [T]he 1965 amendments to section 657 expressly extend *the same penalty* to the failure to specify reasons for granting a new trial on the ground of insufficiency as the former law attached to the failure to specify insufficiency as the basis of the ruling: i.e., a conclusive presumption excluding that ground from appellate review.'' (P. 120.) Thus, the court concluded, ''By *omitting to act* in that connection a court does not render its new trial order void, it merely restricts the scope of appellate review to the other grounds, if any, listed in the motion; but a purported specification of grounds or reasons made, after the 10-day statute of limitations has run is an *act* in excess of jurisdiction. and therefore void to that extent.'' (P. 121.)

Upon the same considerations, the court in *Treber* v. *Superior Court,* 68 Cal.2d 128 [65 Cal.Rptr. 330, 436 P.2d 331], held that if the ground specified in the order for a new trial is ''errors in law'' the statute requires a brief specification of the errors that are the basis for the court's ruling. As to the proper disposition of the case, the court said at page 133: ''In adjudicating an appeal from a new trial order predicated on that [error in law] or any ground other than insufficiency of the evidence or excessive or inadequate damages, the reviewing court is governed by the fourth paragraph of the 1965 amendments to section 657: codifying the common-law rule in this respect (see *Kauffman* v. *Maier* (1892) 94

Cal. 269, 275-277. [29 P. 481, 18 L.R.A. 124], followed in many cases), the statute declares that on such an appeal 'the order shall be affirmed if it should have been granted upon *any* ground stated in the motion, *whether or not specified* in the order or specification of reasons'. . . . It follows that a failure of the trial judge to specify *any* ground—and *a fortiori* any reason for a ground actually stated—cannot be held to render the order void from its inception. The reviewing court remains under an express statutory duty to affirm such an order if the record will support any ground listed in the motion." (*Treber* v. *Superior Court,* 68 Cal.2d 128, 133-134 [65 Cal.Rptr. 330, 436 P.2d 331].)

No jurisdictional defect appears in the order now before us. Although the court did not specify the reasons for the ruling, the order was timely made, upon a proper ground, on motion served on the adverse parties, and was timely decided. Such an order is not in excess of jurisdiction. (*Mercer* v. *Perez,* 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315]; *Treber* v. *Superior Court,* 68 Cal.2d 128, 133 [65 Cal. Rptr. 330, 436 P.2d 331].)

In denying mandate to compel the superior court to vacate its order granting a new trial on the ground of "errors in law" because it failed to specify its reasons therefor, the court in *Treber* in discussing the failure of petitioner to demonstrate that he lacks a plain, speedy and adequate remedy by way of appeal, the Supreme Court concluded, "We hold in *Mercer* that a new trial order supportable only on the ground of insufficiency of the evidence (or excessive or inadequate damages) will be reversed if the trial court has failed to specify its reasons for so ruling; upon analysis, it will be seen that when a new trial order is made without specification of reasons on any other ground, an appeal therefrom may nevertheless prevail. Petitioner argues that the remedy is inadequate because the main purpose of the new requirement of specification of grounds and reasons is to provide the basis for such an appeal by apprising the reviewing court of the intent of the court below; but as the statute itself requires the reviewing court to consider all the grounds listed in the motion and not merely those relied upon by the trial court, the argument lacks persuasive force. It is true that the scope of review in such circumstances will encompass the entire record; but if for example the only available ground is 'errors in law,' as may well be the case here, and the appellant shows there were no such errors at the trial, the order will be reversed. [Citations.]

■ "In conclusion, the first paragraph of the 1965 amendments to section 657 places on the trial courts a clear and unmistakable duty to ·furnish a timely specification of both their grounds and their reasons for granting a new trial, and we expect that such duty will be faithfully discharged. But in the event of inadequate specification in either respect, the fourth paragraph of the amendments nevertheless requires that the new trial order be affirmed on appeal if it should have been granted on any ground stated in the motion, except insufficiency of the evidence or excessive or inadequate damages. There is no conflict in these provisions; different legislative purposes are served by each, and both must be given the fullest effect possible." (*Treber* v. *Superior Court,* 68 Cal.2d 128, 136-137 [65 Cal.Rptr. 330, 436 P.2d 331] ; *San Francisco Bay Area Rapid Transit Dist.* v. *McKeegan,* 265 Cal.App.2d 263, 269-270 [71 Cal.Rptr. 204] ; *Brooks* v. *Harootunian,* 261 Cal.App.2d 680, 682 [68 Cal.Rptr. 374].)

■ Examination of the issue pursuant to the mandate of the Supreme Court in *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], and *Treber* v. *Superior Court,* 68 Cal.2d 128 [65 Cal.Rptr. 330, 436 P.2d 330], reveals that the order expressly states that the motion was denied on the ground of insufficiency of the evidence and that it was granted on grounds of "accident or surprise, which ordinary prudence could not have guarded against." The motion, made on all statutory grounds, included these grounds as permitted by subdivision 3, section 657, Code of Civil Procedure. (Notice of Intention to Move for New Trial.) Even without specification of the reasons for such grounds, there is no problem in focusing on the very documents supporting the trial court's order granting the motion. It is readily apparent from the Memorandum of Points and Authorities and Declarations in Support of Motion for New Trial that accident or surprise, which ordinary prudence could not have guarded against, was the main ground urged for a new trial even though other arguments were presented. Inasmuch as appellants do not challenge the sufficiency of the declarations to support the trial court's finding of accident or surprise, we deem it unnecessary to devote any extended discussion to the validity of the claim that Martha was unexpectedly placed to her injury in a situation in which her physician failed to appear to testify on her behalf, without any fault or negligence of her own. The declarations reflect a failure of communication through no fault of plaintiffs or their counsel or

Dr. Spalding which was responsible for his failure to appear at the trial as a witness for Martha Grant; and his testimony which would have shown that there was no relationship between her complaints prior to the accident and those subsequent thereto which were traumatic in origin. Obviously the trial court accepted as true the declarations of Dr. Spalding, his nurse and plaintiff's counsel; they support the ground upon which it granted the motion for new trial.

The order is affirmed.

Fourt, Acting P. J., and Thompson, J., concurred.